45 So.2d 883 (1950)
GOLDBERG
v.
STRAUS.
Supreme Court of Florida, Division B.
April 27, 1950.
*884 Helen Wassman, Miami Beach, for appellant.
Blackwell, Walker & Gray, Miami, for appellee.
SEBRING, Justice.
The plaintiff sued the defendant to recover damages for injuries alleged to have been sustained by stepping into a hole on the lawn of the residence property of the defendant. A demurrer to the declaration was sustained with leave to plead over. Subsequently, a demurrer was sustained to an amended declaration and judgment was entered in bar of the action. The plaintiff has appealed from the judgment.
The amended declaration to which the demurrer was sustained alleges, in substance, that the defendant, who occupied the property in question as a family dwelling, invited a number of guests including the plaintiff to attend an afternoon party or reception to be held in the patio of the premises; that the plaintiff accepted the invitation and came to the patio as the invited guest of the defendant; that at said time and place there was "a deep hole in the lawn of defendant's said patio * * * the span of a man's hand in diameter, was uneven and rough, and at its lowest point was five inches in depth * * * contained small loose stones, pebbles and pieces of rock, and * * * constituted a dangerous and hazardous condition, dangerous to life and limb to those walking upon the said lawn * * * that plaintiff had no knowledge or notice whatsoever of the existence of the said hole * * *"; that the defendant, his agents, servants and employees, "knew of the existence of the said hole, its said nature and its said contents as hereinbefore described, and ought to have known thereof, and could have known thereof, by the exercise of reasonable and ordinary care, in sufficient time to have rendered the same safe prior to the time of the occurrence of the accident," yet despite his duty in this regard, the defendant carelessly and negligently "permitted and caused the said hole above described to be left open and unguarded * * * and in disregard of his duty to give warning and notice of the said hole and its nature and contents as above set forth, instructed plaintiff and other guests to cross the lawn containing the said hole, to the refreshment tables that had been set up in the rear of said patio * * * that plaintiff, complying with said instructions, started to walk across the said lawn to the said refreshment tables, in a careful manner, when she stepped into the said hole, her foot got *885 caught therein, and she was caused to fall with force and violence and was severely injured * * *"
The question is whether the allegations of the amended declaration are sufficient to state a cause of action for recovery against the defendant.
By the great weight of authority, where one is invited to come upon the premises of another as a guest for social purposes, the relation created between the parties is, in a legal sense, one of licensor and licnsee and not one of invitor and invitee. Harper on Torts, 3rd Ed. Sec. 98. In such circumstances the rule is that the guest must take the premises as he finds them; subject to the exception, however, that the host will be held to liability for injuries caused to his guest by a natural or artificial condition on the premises, where the host has actual knowledge of the condition and realizes that it involves an unreasonable risk to his guest and has reason to believe that the guest will not discover the condition or realize the risk, by the exercise of reasonable care, yet despite such circumstances, permits the guest to enter or remain on the premises, without exercising reasonable care to make the condition reasonably safe, or to warn the guest of the condition and the risk involved therein. Harper on Torts, 3rd Ed. Sec. 96; Anno. 92 A.L.R. 1005; The Restatement of the Law of Torts (1934) Sec. 342; 38 Am.Jur. 778, Negligence Sec. 117; Shearman & Redfield on Negligence, Rev. Ed. Vol. 4, Sec. 781, p. 1793; Commentaries on the Law of Negligence, 2d Ed., Thompson, Vol. 1, Sections 971, 893; Wharton, Law of Negligence, 2d Ed., Sec. 350, p. 306; Southcote v. Stanley, (1856) Eng. Rep. 1196; Cosgrave v. Malstrom, 127 N.J.L. 505, 23 A.2d 288; Roth v. Prudential Life Insurance Company, of New York, 266 App.Div. 872, 42 N.Y.S.2d 592; Comeau v. Comeau, 285 Mass. 578, 189 N.E. 588, 92 A.L.R. 1002.
It will be noticed that the amended declaration to which the demurrer in the instant case was sustained fails to allege specifically that the owner of the premises to which the plaintiff was invited as a social guest had actual knowledge of the existence of the hole in his lawn which is supposed to have caused the injury to the plaintiff; the allegation being "that the defendant knew * * * and ought to have known * * * and could have known thereof, by the exercies of reasonable and ordinary care, in sufficient time to have rendered the same safe prior to the occurrence of the accident." The allegation that the defendant "ought to have known" and "could have known" is far different in legal import from an allegation that the defendant "knew" of the condition, and by the neutralizing effect of the phrases used make a case, at best, of "constructive", as distinguished from "actual", knowledge of the defect on the part of the owner.
As held by the authorities we have cited, mere constructive knowledge of a defect is not sufficient to impose upon a host the liability for injury to a guest who is on the premises for social, as distinguished from commercial, purposes; the host must have actual knowledge of such defect. It follows, therefore, that the circuit court did not commit error in sustaining the demurrer to the amended declaration and that the judgment appealed from should be affirmed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.