RAWLS, Judge
(dissenting).
Appellant posed two questions on this appeal:
1. Did the court err in failing to enter judgment in favor of the defendants at the close of the taking of the testimony ?
2. Did the court err in its finding that plaintiff was not guilty of such contributory negligence as to bar recovery ?
I would answer each question in the affirmative.
As correctly stated by the majority, if the record reveals substantial evidence, whether contradicted or not, from which the trier of fact could have reasonably concluded that defendants were liable, then it is the duty of this court to affirm his judgment. However, I cannot glean from this record such substantial evidence.
Facts construed in the most favorable light for plaintiff are: Plaintiff had been a frequent guest in the home of defendants. Defendants’ home had a paved walkway running from the front door of the house parallel with the front of the home to the driveway. Plaintiff, for her own convenience “cut across” the lawn to her car which was parked in the driveway. She had made a previous trip on the night of the accident and knew or should have known that the lawn was not properly lighted. The alleged dangerous condition was a saucer shaped hole located in the lawn approximately half way between the front door and the driveway, and it is this hole that defendants permitted to exist in their lawn and upon which the trial judge determined defendants’ liability. The size of the hole is important. It was not more than twelve inches in diameter and six inches in depth at its deepest point. It was where defendants’ children had at some time prior to the accident planted a pine seedling.
In McNulty v. Hurley[1] Justice O’Connell reviewed the applicable cases from this and other jurisdictions in an extensive analysis *324 of the duty owed by a property owner to the three classes of entrants, (1) trespasser, (2) licensee and (3) invitee. There, the court was concerned with whether a person attending church occupied the status of invitee or licensee. In determining that the entrant was a licensee (social guest), the author stated on page 189:
“As a licensee, the defendant owned the plaintiff the duty to refrain from wanton negligence or wilful misconduct, and to warn her of any defect or condition known to defendant to be dangerous if such danger was not open to ordinary observation by plaintiff.” [Emphasis supplied.]
It is conceded that this plaintiff was a licensee, however, she insists that licensees fall into two categories, viz.: (1) an uninvited or bare licensee and (2) an invited (social guest) licensee, and then proceeds to argue that the duty of an owner to each category is different in that as to the bare licensee the “wilful and wanton” test applies, whereas the test for a social guest is one of “unreasonable risk”. I cannot find in this jurisdiction such additional distinctions as proffered by plaintiff; the duty of defendant being determined by plaintiff’s status and her status being that of a licensee, it necessarily follows that the decisions outlining this duty must be applied. This question has been treated in numerous decisions by our appellate courts, and as is often the case, the sole question is that of applying the law to the facts. The trial judge and majority opinion conclude that the instant factual situation clearly falls within the Goldberg case,[2] and it is on this conclusion that we part company.
The Goldberg case involved the following material factual situation: the complaint alleged that the host invited a number of guests to a party held on the patio; the host instructed plaintiff and other guests to cross the lawn containing said hole to the refreshment tables which had been set up in the rear of said patio; and plaintiff complying with said instructions, started to walk across the lawn in a careful maimer when she stepped into the hole. Under that situation the Supreme Court held that the declaration failed to state a cause of action because the complaint alleged constructive knowledge on the owner’s part as to the existence of the dangerous condition. It is from this factual situation that the following quote is found in Goldberg:
“ * * * [T]he rule is that the guest must take the premises as he finds them; subject to the exception, however, that the host will be held to liability for injuries caused to his guest by a natural or artificial condition on the premises, where the host has actual knowledge of the condition and realizes that it involves an unreasonable risk to his guest and has reason to believe that the guest will not discover the condition or realize the risk, by the exercise of reasonable care, yet despite such circumstances, permits the guest to enter or remain on the premises, without exercising reasonable care to make the condition reasonably safe, or to warn the guest of- the condition and the risk involved therein.”
The host in the instant cause did not instruct the guest to walk across the lawn. Can it be said as a matter of law considering the facts in the instant case that the host knew this little hole located in the lawn outside the established walkway constituted an unreasonable risk to his guests, and that his failure to warn the guests of its presence constituted wanton misconduct ? In my opinion, to so hold is to eliminate the distinctions between a licensee and an invitee.
The alleged dangerous condition here falls far short of that found in the facts recited in Night Racing Association v. Green.[3] There, the dangerous condition was a “valve pit” six feet square and about six feet deep. Although the opinion does not *325 clearly set out the injured plaintiff’s status, it appears from the authorities cited that the court treated him as an invitee. Mr. Justice Mathews, speaking for the court, held that plaintiff was guilty of contributory negligence through walking briskly in the dark and concluded with the following statement that I believe clearly fits the instant cause, viz.:
“Not every injury from an accident gives to the injured party a cause of action for the negligence of someone else. The owner of property is not an insurer of the safety of everyone who comes upon the property under all circumstances. The owner of the property or the one having control of the property was not required to maintain it in such a condition that an accident could not possibly happen. Any person going upon such property, under the undisputed facts and circumstances disclosed by this record, was obligated to exercise a reasonable degree of care for his own safety.” [Emphasis supplied.]
Here, the indentation was at most six inches at its deepest point and located in the lawn area of defendant’s premises; it was admittedly dark and plaintiff testified that she couldn’t see where she was stepping; plaintiff, of her own volition and for her own convenience, without any instructions from defendant, proceeded to deviate from the established walkway and took her chances in the dark. As I see it, plaintiff failed to use any care or caution for her own safety or protection and her injuries are the result of her own negligence.
Finally, in my opinion, to allow recovery upon the facts in this case, constitutes broadening the existent law to such an extent that 'a host will be required to erect “Keep off the Lawn” signs, maintain “white-way lighting”, and even then neighbor" will be pitted against neighbor. A factual situation almost identical to that in the instant cause is found in Scheibel v. Lipton [4] wherein the author expressed my conclusions when he stated on page 463:
“The defendants provided a paved walk from the front door to the driveway. In absence of evidence to the contrary we assume that it was in a safe condition. Such combination of paved walk and driveway as a means of approach to a residence is so common that it is a matter of public knowledge. Can it be held that the defendants failed to use reasonable care to avoid creating a condition which to one of reasonable prudence and foresight could be reasonably considered dangerous, simply because they provided a combination of driveway and paved walk as an approach instead of constructing a walk directly from their door to the street? We believe not. Having provided a suitable and customary approach can the defendants be reasonably required to go further and fill all depressions and level all mounds in the front yard so that someone choosing to cross the yard in the dark rather than walk up the driveway might not misstep and fall? If a host must so police his front yard must he, at sundown each day, gather up all wagons, scooters, croquette balls and other toys or be charged with negligence by a guest who might trip over one of them ? We do not believe that a social guest can reasonably demand such care be taken by the host.
“Was there a condition in this lawn, known to the hosts, which involved an unreasonable risk? There was a ‘saucer shaped’ depression but it was not located in the walk which was provided and which, we believe, the hosts could reasonably assume would be used. The depression was out in the lawn and we do not believe that there was any invitation by the host to leave the paved walk and go across the lawn. That is what the plaintiff did. He reached the front door, then descended the steps to the *326 paved walk, left the walk and proceeded across the lawn. Such conduct cannot be said to have been within the reasonable expectations of the host. It can hardly be said that the 'saucer shaped’ depression was a trap or a condition involving unreasonable risk. It had been in the lawn for several months. The hosts and their children had lived with it. There was no evidence that anyone had ever been injured by it. It was not, in our judgment, such a condition as to require a warning by the host or the burning of flood lights to disclose it.” [Emphasis supplied.]
As I view it, the trial judge erred when he failed to grant defendants’ motion for directed verdict. I, therefore, dissent.

. McNulty v. Hurley, 97 So.2d 185 (Fla.1957).

. Goldberg v. Straus, 45 So.2d 883 (Fla. 1950).

. Night Racing Ass’n v. Green, 71 So.2d 500, 503 (Fla.1954).

. Scheibel v. Lipton, 156 Ohio St. 308, 102 N.E.2d 453 (1951).