WALDEN, Chief Judge.
This is a negligence action. Appellants were the plaintiffs and appellees, the de *262 fendants. The trial court dismissed plaintiffs’ third amended complaint with prejudice. Plaintiffs appeal. We reverse.
Our task on appeal is to determine if plaintiffs’ third amended complaint states a cause of action. In this connection we are limited to a review of the material contained within the four corners of the complaint and must accept the well plead allegations of the complaint as true. Maloy, Fla.Appellate Proc. & Prac., § 10.06.
Plaintiffs allege that, at the invitation of the defendant, the minor plaintiff, Thomas Robert Gale, age 11 years, attended a birthday party given by the defendant at her home for her son. There were approximately 15 boys of like age in attendance.
Defendant personally planned and supervised the party and guests. She presented each of the guests with a metal slingshot as a birthday party favor. She was physically present and aware that the children were shooting sea grapes at one another with these slingshots.
The gravamen of the complaint reflects that, despite her knowledge of the danger involved, the defendant recklessly, wantonly and willfully allowed the children to continue to shoot sea grapes at each other, in her physical presence, without warning the children of the danger or in any way restraining them. She, in fact, encouraged this dangerous activity by allowing the children to proceed to a playhouse on the beach which was used as a “fort” in their sea grape battle. One of the sea grapes struck the right eye of plaintiff, causing injury and subsequent blindness in that eye.
It is well settled that, when a person is a social guest of another, the relation created between the parties is one of li-censor and licensee. 23 Fla.Jur., Negligence, § 56; 18 Fla.Law & Practice, Negligence, § 11. And this relation exists even though the injury complained of is unconnected to the condition of the premises. See annotation, 79 A.L.R.2d 990.
A licensor owes a licensee a duty to refrain from wanton negligence or willful misconduct which would injure him and to refrain from intentionally exposing him to danger. 23 Fla.Jur., Negligence, § 52. Violation of this duty renders the licensor liable to the licensee for his proper damages.
Of course, the precise standard of care or the duty to which a licensor must adhere varies according to the circumstances, one of the most pertinent of which is the age and immaturity of the licensee. It was correctly stated in Adler v. Copeland, Fla.App.1958, 105 So.2d 594, 596, that:
“ * * * The application of this rule is not difficult when the licensee is a mature adult with an understanding and awareness of danger. However, in applying the standards of duty, consideration must be given to the immaturity of the deceased, a five-year-old child. Cf. Burdine’s, Inc. v. McConnell, 146 Fla. 512, 1 So.2d 462; Jackson v. Pike, Fla.1956, 87 So.2d 410. Actions on the part of a landowner which would not be considered a breach of duty toward an adult licensee may be considered willful and wanton acts of negligence when applied to an infant. The degree of care should be commensurate with the attendant facts and circumstances, and in this instance, one of those facts was the tender years of the deceased child. * * * ”
Applying these rules to the complaint at hand, we conclude that plaintiffs have stated a cause of action sufficient to survive a motion to dismiss.
Reversed.
CROSS, J., and MacMILLAN, HUGH, Associate Judge concur.