No. 44,871

JEANIE LEE ROBERTS, by Her Father and Next Friend, DAN ROBERTS, and DAN ROBERTS (MARIE ROBERTS, Executrix of the Estate of Dan Roberts, Substituted), *Appellants*, v. ELDEN L. BEEBE, Executor of the Estate of Myron L. Hall, WAVE HALL and STEVE HALL, a Minor, *Cross-Appellants*, and STEPHEN REINHOLD, a Minor, *Appellee*.

(434 P. 2d 789)

Opinion filed December 9, 1967.

*H. Lee Turner*, of Great Bend, argued the cause, and *J. Eugene Balloun, Max E. Eberhart*, and *Jack Duncan*, all of Great Bend, and *Auburn G. Light, James R. Yoxall*, and *Stanley E. Antrim*, all of Liberal, were with him on the brief for the cross-appellants.

*Keith M. Wilcox*, of Liberal, argued the cause, and *Richard A. Hickey, Allen M. Hickey, E. W. Hack*, and *Grover L. Bryan*, all of Liberal, were with him on the brief for the appellees.

The opinion of the court was delivered by

KAUL, J.: The plaintiffs Dan Roberts and Jeanie Lee Roberts by her father and next friend, Dan Roberts, brought this action to recover damages from defendants, appellee and cross-appellants, for an injury to Jeanie Lee Roberts' eye.

The Roberts and Halls are next door neighbors. Defendant Reinhold was a friend of defendant Steve Hall, the son of Myron and Wave Hall. The defendants, Stephen Reinhold and Steve Hall,

were 12 and plaintiff, Jeanie Lee Roberts, was 9 years of age at the time of the accident.

Defendant Myron Hall died after the filing of the action and prior to the trial. Elden L. Beebe, Executor of the Estate of Myron L. Hall, was substituted for Myron L. Hall as a party defendant.

For convenience defendants—cross-appellants, Steve Hall and Elden L. Beebe, will be referred to as Halls or defendants Hall and plaintiff minor as Jeanie or Jeanie Lee.

The petition alleged negligence and violation of a city ordinance while engaged in a joint venture as to defendants, Stephen Reinhold and Steve Hall, and insufficient parental supervision on the part of adult defendants Hall. Answers were filed by all defendants generally denying negligence and pleading contributory negligence on the part of Jeanie Lee. In their respective answers defendants also affirmatively pleaded that plaintiff Jeanie Lee was a trespasser and the only duty owed her by defendants was to refrain from willful injury. Defendants Hall filed a third party petition against defendant Reinhold alleging that if they were guilty of negligence it was only passive, and that if plaintiff suffered injury it resulted from the active primary negligence of the third party defendant Stephen Reinhold. Likewise, defendant Stephen Reinhold filed a cross-claim making similar allegations as to defendants Hall.

The essential facts are not in dispute. On November 3, 1962, Myron Hall agreed to give his son, Steve, a BB gun and made arrangements for him to select and purchase it at the Western Auto Store in Liberal, Kansas. Myron had instructed his son prior to the occasion in the use of firearms; and when he agree to give Steve the BB gun he specifically warned and instructed him that the gun could not be shot within the city limits of Liberal. The defendant, Stephen Reinhold, appeared at the Hall residence shortly after the conversation between father and son, and thereafter the boys went down town to buy the BB gun. The gun was purchased and the boys proceeded outside the city limits where they fired the gun. Stephen Reinhold had fired a BB gun before and assisted Steve Hall in learning how to fire it. Thereafter the boys returned to the backyard of the Hall home and decided to continue target practice. The evidence discloses that neither Myron nor Wave Hall saw the boys after they left the Hall home to purchase the gun until after the accident; nor did the adult Halls

have any knowledge that the boys were shooting the BB gun in the backyard.

The boys set up several boxes as targets and started firing the BB gun from a westerly direction toward the east wall. The plaintiff, Jeanie Roberts, with several other young girls, was playing outside the Hall backyard. When they heard the BBs striking the boxes Jeanie and the other girls proceeded to climb upon the south wall of the Hall backyard to observe the proceedings. The girls jumped down into the Hall backyard, although in the past they had never played there. At this point the boys discontinued firing at the boxes, and Steve Hall warned the girls and told them to leave. The girls did not pay immediate attention, but they did get back on the north end of the east wall. The boys then moved to another area in the yard, set an arrow shaft as a target in a sandpile and commenced firing at it in a southeasterly direction toward the south end of the east wall, while the girls were on the north end thereof. In response to a special question the jury found that Stephen Reinhold fired the pellet which ricocheted and struck Jeanie in the eye. There was testimony that both Steve Hall and Stephen Reinhold were good boys; and there was no contention by any witness that the conduct of either boy was willful, wanton or intentional.

Prior to or during the trial the action was dismissed as to Wave Hall. The case was tried to a jury and a verdict was returned in the amount of $7,500 against defendants, Stephen Reinhold, Steve Hall and Elden L. Beebe, Executor of the Estate of Myron L. Hall, deceased. Fourteen special questions were submitted to the jury. Those pertinent to the issues involved in this appeal and responses thereto by the jury are as follows:

"1. Did Myron Hall instruct his son to fire the BB gun only out in the country.

"ANSWER: yes

"2. Do you find Myron Hall had any knowledge the BB gun was being used in his backyard before the accident?

"ANSWER: Do not know

"3. Which boy fired the BB that caused injury to plaintiff's eye?

"ANSWER: Stephen Reinhold

"4. Did Steve Hall ask the plaintiff Jeanie Lee Roberts to leave the premises before the injury?

"ANSWER: yes

"5. Was Jeanie Lee Roberts struck in the eye by a BB?

"ANSWER: Presumably so.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"7. If you find Myron Hall guilty of any acts of negligence, state such acts of negligence. Improper supervision of boys with gun.

"8. If you find Steve Hall guilty of any acts of negligence, state such acts of negligence. Guilty of shooting in town and not considering the background beyond the target.

"9. If you find Stephen Reinhold guilty of any acts of negligence, State such acts of negligence. Guilty of shooting in town and not considering the background beyond the target.

"10. Did Plaintiff Jeanie Lee Roberts remain on the Hall property after she knew a BB gun was being fired?

"ANSWER: yes

"11. If you answer the preceding question 'yes' did her remaining on the property constitute negligence which was a proximate cause of the accident? No. Not fully aware of danger.

"ANSWER: ?

"12. Was Jeanie Lee Roberts, plaintiff, told to leave the Hall property and fence before the accident?

"ANSWER: Yes.

"13. If you answer the preceding question 'yes' do you find she ignored the warning?

"ANSWER: No."

Judgment was entered in favor of plaintiff Dan Roberts in the amount of $2,500 and in favor of plaintiff Jeanie Lee Roberts in the amount of $5,000 against defendants Stephen Reinhold, Steve Hall and Elden L. Beebe, as executor.

Posttrial motions were denied and the plaintiffs appealed. Defendants Hall filed a cross-appeal. Plaintiffs Roberts then dismissed their appeal.

Halls claim error by the trial court in refusing to submit their requested instructions, in failing to direct a verdict in their favor at the close of plaintiffs' evidence and renewed at the close of all the evidence; and in overruling their posttrial motion to set aside the verdict and judgment, and enter judgment in accordance with their motion for a directed verdict.

Defendant Reinhold claims the cross-appeal of Halls should be denied and the judgment affirmed in toto for several reasons. Reinhold states that throughout the pleading stage and trial of this case Steve Hall and Stephen Reinhold were considered by court, counsel and jury alike as joint tort-feasors and codefendants.

Reinhold also claims that as an invitee on the Hall premises he enjoyed the same classification as to duty owed a licensee as that of

Steve Hall. We are inclined to agree with both assertions, however, the difficulty encountered in defendant Reinhold's position is that the judgment against him is not before us because of his failure to cross-appeal and for the further reason, by stipulation, the cross-claims of defendants against each other were not submitted to the jury. In this connection the record discloses that defendants agreed not to submit the issues of active-passive negligence or their cross-claims against each other to the jury. The stipulation as to these matters is not included in the record and defendant Reinhold complains in this regard. Reinhold made a demand of Halls pursuant to Rule No. 6 ($b$) (Rules of the Supreme Court, 197 Kan. LXI,) of this court for a specified additional part of the court reporter's transcript of the trial record and proceedings "wherein decision was made not to submit to the jury defendant Halls' and the defendant Reinhold's cross-claims against each other and decision was made not to submit to the jury questions and issues of active-passive negligence."

The demand was not complied with by Halls but no further action was taken by Reinhold. Rule No. 6 ($b$), referred to, provides that if an appellant's designation includes only a part of the reporter's transcript, the appellant shall file such additional parts as needed by the appellee and if appellant fails to do so, the judge on motion shall require appellant to furnish the additional parts needed. The record here reflects no such motion on the part of defendant Reinhold.

Since plaintiffs have dismissed their appeal and defendant Reinhold has not cross-appealed, and since the cross-claims between the defendants were not tried below our review here is limited only to those matters presented in the cross-appeal taken by defendants Hall.

The primary issue raised by Halls in their cross-appeal concerns the trial court's refusal to submit their requested instructions. It was Halls' theory that Jeanie Lee was a trespasser or at most a licensee or invitee, and therefore their duty toward her was only to refrain from willful or wanton negligence. We think it not necessary to recite in detail the text of the requested instructions. It will suffice to say that the submission of the requested instructions would have changed the issue submitted to the jury from that of ordinary negligence to willful or wanton negligence on the premise that Jeanie Lee was at most a licensee or invitee.

From the testimony of Jeanie Lee and the other eye witnesses at the scene, we are forced to agree with the position taken by defendants Hall. This is not to say that at her tender age and under the existing circumstances she was a trespasser, but viewing the evidence in its most favorable light Jeanie could be raised to no preferred status higher than that of licensee. This conclusion is confirmed by the answers of the jury to special questions concerning the presence of Jeanie on Halls' backyard wall. Giving Jeanie the standing of a social guest she would have enjoyed no greater status than that of the injured guest in the recent case of *Ralls v. Caliendo,* 198 Kan. 84, 422 P. 2d 862, where it was stated:

"While the plaintiff concedes the accepted rule in Kansas is that, 'a host owes to his licensee guest a duty to refrain from willful, wanton or reckless conduct,' this court has not had occasion to inquire into the status of a social guest, that is, one who is expressly invited to the owner or occupier's home, and the duty owed to him by his host. Where, as here, the plaintiff is a social guest in the defendants' home, the great weight of Anglo-American authority classifies him as a bare licensee, even though he was expressly invited. (*Southcote v. Stanley,* 1 H. & N. 247 [Ex. 1856]; *Sanders v. Brown,* 73 Ariz. 116, 238 P. 2d 941; *Laube v. Stevenson,* 137 Conn. 469, 78 A. 2d 693; *Comeau v. Comeau,* 285 Mass. 578, 189 N. E. 588; *Vogel v. Eckert,* 22 N. J. Super. 220, 92 A. 2d 633; *Curren v. O'Connor,* 279 App. Div. 1018, 111 N. Y. S. 2d 714; cases collected in Note, 25 A. L. R. 2d 598.) See, also, *Bush v. Gaglio,* 207, Va. 343, 150 S. E. 2d 110; *Goldberg v. Straus,* 45 So. 2d 883 (Fla. 1950); Harper on Torts, 3d Ed. Sec. 98; Restatement of the Law of Torts (1934), Sec. 342; Anno. 92 A. L. R. 1005.

"Our decisions conform to the foregoing general rule. The plaintiff must be regarded as a mere licensee in the defendants' home at the time she slipped and fell, causing her injuries. In *Steinmeyer v. McPherson,* 171 Kan. 275, 232 P. 2d 236, it was held:

" 'A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given *by invitation* or permission.

" 'Ordinarily the only duty an owner or occupant of premises owes to a mere licensee is the duty to refrain from willfully, intentionally or recklessly injuring him.' (Syl. ¶¶ 3, 4.) (Emphasis supplied.)" (p. 87.)

Generally it appears the same rule applies even though the trespasser or licensee might be an infant. (*Healer v. Inkman,* 94 Kan. 594, 146 Pac. 1172; *United Zinc Co. v. Britt,* 258 U. S. 268, 66 L. Ed. 615, 42 S. Ct. 299, 36 A. L. R. 28; 99 A. L. R. 2d Anno. 461, 462; 65 C. J. S., Negligence, § 63(68), p. 795. However, because of the age of Jeanie an exception to the rule stated above should be mentioned. In the case of infants of tender years an exception to the general rule has been established by the application of the attractive nui-

sance doctrine. In abbreviated terms the exception is applied when a landowner maintains a thing or condition dangerous to life or limb and of such an attractive nature as to invite the intrusion of children. In the instant case the firing of the BB gun in a backyard, enclosed by a strong wall of substantial height, coupled with the jury's refusal to find knowledge on the part of Myron Hall, clearly refutes the application of the doctrine. (See *Caywood v. Board of County Commissioners,* 200 Kan. 134, 434 P. 2d 780; *Galleher v. City of Wichita,* 179 Kan. 513, 296 P. 2d 1062.)

We turn next to the question whether the actions or nonactions of defendants Hall can be said to amount to willful and wanton conduct. Referring again to the special questions, we believe the jury has resolved this issue by its answers which are in turn supported by evidence contained in the record. The jury's findings of negligence on the part of defendants Hall can only be construed as findings of ordinary negligence. Due to the inconsistency of the jury's answers concerning the negligence of Myron Hall it is doubtful that the verdict against him could be upheld, even on the grounds of ordinary negligence. In view of our disposition of the cross-appeal, however, we need not deal further with this question.

Although the jury was unable to find that Myron Hall had any knowledge the new BB gun was being fired in his backyard (Question 2) and did find that he had instructed his son to fire the gun only in the country (Question 1) it nevertheless found Myron Hall negligent in the improper supervision of the boys with the gun. The only negligence found as to Steve Hall was shooting in town and not considering the background beyond the target (Question 8). It is clear from the evidence and the import of the special questions submitted to the jury and the answers thereto that there was never any real issue of willfulness in this case. The city ordinance involved prohibits the shooting of an air rifle within the city and provides that any person who shall violate or permit any child under his control to violate any of the provisions of the ordinance would be deemed guilty of a misdemeanor. The jury's answer to the first special question exonerated Myron Hall from any violation of the permissive feature of the statute.

Does the duty of care owed by Steve Hall toward a licensee on the premises differ from that of his parents, the owners. We think not. The duty owed by an occupant is generally referred to as

that owed by an owner. (*Ralls v. Caliendo,* supra; *Steinmeyer v. McPherson,* 171 Kan. 275, 232 P. 2d 236.) The liability and immunity from liability of a member of the household is expressed in Restatement Of The Law Of Torts § 382:

"A member of the household of a possessor of land, who does an act or carries on an activity thereon, is subject to the same liability, and enjoys the same immunity from liability, for bodily harm caused thereby to others within and outside the land as though he were the possessor of the land." (p. 1020.)

Assuming that the conduct of Steve Hall was in violation of the ordinance, the simple violation under the circumstances found to exist by the jury here in the absence of any further specific showing of willful or recklessness cannot be said to amount to more than ordinary negligence. In 38 Am. Jur., Negligence, § 158, it is stated:

"The simple violation of a statute or ordinance does not, of itself, constitute wilful and wanton misconduct, although the circumstances of a violation of law may evince such an utter disregard for the safety of others as to render the act of violation wanton and reckless. . . ." (p. 830.)

In the instant case the jury found that Steve Hall asked Jeanie Lee to leave the premises. The undisputed evidence shows that when the girls appeared on the backyard wall the boys discontinued shooting the gun and when the girls climbed back on the wall to leave the boys moved the target so they would fire in a different direction. The findings of the jury and the undisputed evidence refute any claim of reckless indifference to the safety of others or of willful conduct on the part of Steve Hall.

The terms wanton and willful conduct are defined in Instructions 3.02 and 3.03, respectively, in PIK and authorities supporting the definitions stated are cited therein. There is no evidence in this record of any conduct on the part of Steve Hall or his deceased father, Myron Hall, that would fall within the definitions of wanton and willful conduct.

One other matter is worthy of our attention, that is the propensity of a BB gun as a dangerous instrumentality. This matter was specifically resolved in the case of *Capps v. Carpenter,* 129 Kan. 462, 283 Pac. 655, where, in discussing the nature of a BB gun, it was stated:

"The court should not have permitted the subject of dangerous agency to go to the jury. The gun was not a dangerous agency, and defendant's negligence did not consist in giving his son a dangerous agency, as the jury found. . . ." (p. 465.)

In view of the special findings of the jury and the complete failure of proof that either Steve Hall or Myron Hall was guilty of any willful, wanton or reckless conduct the judgment as to them has no just basis on which to stand. Therefore, the judgment as to Elden L. Beebe, Executor of the Estate of Myron Hall, and Steve Hall must be set aside and the cause remanded with instructions to enter judgment for said defendants.

It is so ordered.

FATZER, J., concurring in part and dissenting in part: I would affirm the judgment with respect to Steve Hall, a minor, on the basis of the court's holding in Syllabus No. 2, and *Montague v. Burgerhoff*, 150 Kan. 217, 223, 224, 92 P. 2d 98. (See my dissenting opinion in *Ralls v. Caliendo*, 198 Kan. 84, 422 P. 2d 862.) Otherwise, I concur in the court's conclusion setting aside the judgment as to Elden L. Beebe, Executor of the estate of Myron Hall, deceased.