WALDEN, Judge.
This is a suit for personal injuries. It was brought by a minor plaintiff and her mother on account of her derivative claim. Begun before a jury, the trial court directed a verdict at the end of the plaintiffs’ case in favor of the defendants. Final judgment being entered thereupon for the defendants, the plaintiffs appeal. We reverse.
The eight year old minor plaintiff was visiting in the defendants’ home. After dinner and after dark she went out into the yard to play hide and seek with the defendants’ children. While so engaged, she ran into a Spanish Yucca, or Bayonnet, plant. Well known to Florida, it is principally characterized by the needle points at the end of each of its many green blades or leaves. One of its needle points pierced the minor plaintiff’s eye, causing permanent blindness to it.
The plant was located about six to eight feet beyond the defendants’ property line on an adjacent lot. It had been planted by others to obscure garbage cans. The defendants at the time in question used it to obscure their garbage cans, which were kept by them on the adjacent lot. The defendants maintained a stepping stone walkway from their back door to the garbage can-Yucca plant area situated on the adjacent lot.
As a basis for its ruling, the trial court announced “ * * * [T]he court has ruled as a matter of law that there has been no showing of negligence or violation of any duty owed by the defendants to the plaintiffs. * * * ”
The procedure and criteria binding upon the trial court in considering a motion for directed verdict are well known. 232 Fla. Jur., Trial, § 83 et seq. We believe that when the evidence is considered in this light, it is clear that a question for jury determination is presented.
The minor plaintiff was, of course, a social guest and hence a licensee. Goldberg v. Straus, Fla.1950, 45 So.2d 883; Lowery v. Rosenburg, Fla.App.1962, 147 So.2d 321; Gale v. Tuerk, Fla.App.1967, 200 So.2d 261. The duty of a host to his guest is to refrain from wanton negligence or willful misconduct which would injure him or to refrain from intentionally exposing him to danger and there may be a further duty to a licensee to warn him of a defect or condition known to the owner or occupant to be dangerous when such danger is not open to ordinary observation by the licensee. McNulty v. Hurley, Fla.1957, 97 So.2d 185; Crutchfield v. Adams, Fla.App.1963, 152 So.2d 808; Emerson v. Holloway Concrete Products Co., 5 Cir., 282 F.2d 271; Adler v. Copeland, Fla.App.1958, 105 So.2d 594; Tomei v. Center, Fla.App.1959, 116 So.2d 251; Pinson v. Barlow, Fla.App.1968, 209 So.2d 722; Goldberg v. Straus, Fla.1950, 45 So.2d 883. More particularly, the rule is stated in Goldberg v. Straus, supra, as follows:
“By the great weight of authority, where one is invited to come upon the premises of another as a guest for social purposes, the relation created between the parties is, in a legal sense, one of licensor and licensee and not one of in-vitar and invitee. Harper on Torts, 3rd Ed. Sec. 98. In such circumstances the rule is that the guest must take the premises as he finds them; subject to the exception, however, that the host will be held to liability for injuries caused to his guest by a natural or artificial condition on the premises, where the host has actual knowledge of the condition and realizes that it involves an unreasonable risk to his guest and has reason to believe that the guest will not discover the condition or realize the risk, by the exercise of reasonable care, yet despite such circumstances, permits the guest to enter or remain on the premises, without exercising reasonable care to make the condition reasonably safe, or to warn the guest of the condition and the risk involved therein.” (Emphasis supplied.)
*821 For the degree of solicitude extended by courts in host-social guest circumstances, see Ladenson v. Eder, Fla.1967, 195 So.2d 211.
The quantum of degree of care owed to a licensee varies according to the circumstances. One of the most pertinent of which is the age and maturity or immaturity of the licensee. Gale v. Tuerk, supra, see also 65 C.J.S. Negligence § 63(57). Another consideration is the degree of risk of injury posed by the dangerous condition as compared to the benefit of maintaining such condition and the difficulty of alleviating that condition and eliminating the danger. Ridgewood Groves, Inc. v. Dowell, Fla.App.1966, 189 So.2d 188; Idzi v. Hobbs, Fla.App.1965, 176 So.2d 606; Cockerham v. R. E. Vaughan, Inc., Fla.1955, 82 So.2d 890; Kemline v. Simonds, 1964, 231 Cal.App.2d 165, 41 Cal.Rptr. 653; 65 C.J.S. Negligence § 85.
We believe that the issues made by the pleadings and the evidence should have been submitted to the jury with appropriate instructions for their consideration and decision. On the one hand, they might decide that the defendants were not guilty of negligence and that there was no breach of duty owed to the minor plaintiff. On the other hand, they could equally find that the defendants were liable for the minor plaintiff’s injuries because they maintained a dangerous condition on premises over which they had control and knowledge plus the realization that it involved an unreasonable risk to this minor plaintiff as she embarked upon the hide and seek game upon the defendants’ dark grounds. See Goldberg v. Straus, supra. The jury could have decided that the defendants should have removed the bush, clipped the tips, lighted the area, placed a barrier about it, or issued some more specific warning.
As concerns the location of the plant, we believe that the jury would have been warranted in finding from the undisputed evidence that the defendants were in possession and control of the area so as to render them responsible to the plaintiffs’ claim. See 73 C.J.S. Property § 12; Vol. II, Restatement, Torts (1934), Sec. 339; Cockerham v. Vaughan, supra, 82 So.2d at 892; and Crutchfield v. Adams, supra, 152 So.2d at 810.
The judgment here appealed is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.
McCAIN and OWEN, JJ., concur.