OWEN, Judge.
Appellants were plaintiffs in a negligence action who now appeal from a final judgment for the defendants entered pursuant to a jury verdict.
Mrs. Young operated a flower shop adjacent to the defendant’s auction shop, both being tenants of the same landlord. In order for Mrs. Young to have access to her shop through the back door she had to cross an outside storage area fenced and maintained by the defendant under lock and key. To enable Mrs. Young to have such access, defendant furnished her with a key. While she was traversing this area as a licensee, she tripped over a stake approximately 2 inches in diameter and 15 inches high which the defendant had installed two weeks earlier for use as a door stop.
There was no question but that the defendant had possession of the premises, knew of the dangerous condition, and knew of or reasonably should have foreseen Mrs. Young’s presence on the premises as a licensee. At the charge conference the court announced the various Standard Jury Instructions it would give including No. 3.-5(g) and No. 4.2, to the latter of which plaintiffs objected. The court thereafter instructed the jury as follows:
“The issues for your determination on the claim of Mr. and Mrs. Young against Brown Brothers and Hartford Accident are whether Brown Brothers were grossly *272 negligent in failing to warn Mrs. Young of a dangerous condition and risk which was known to Brown Brothers and of which Mrs. Young neither knew nor should have known, by the use of reasonable care; and if so, whether such gross negligence was a legal cause of loss or injury sustained by Mr. and Mrs. Young.
sj< ‡ sjí % if;
“If the greater weight of the evidence does not support the claim of Mr. and Mrs. Young on account of the alleged gross negligence of the Brown Brothers, then your verdict should be for Brown Brothers and Hartford Accident.
* * # ‡ sK ‡
“Gross negligence is the failure to use slight care. It is conduct of a person that a reasonably careful person would know probably and most likely would result in injury or damage to other persons or to property.”
With the exception of the words which we have italicized, the quoted portions of the court’s instruction to the jury are essentially Standard Jury Instruction Nos. 3.5(g), 3.6(c), 3.7 and 4.2, respectively.
The sole point on this appeal is that the court erred in instructing the jury that plaintiffs had the burden of establishing gross negligence on the part of the defendant, Brown Brothers, Inc. We agree with appellants that this cast upon them a greater burden of proof than the law required of a licensee when seeking recovery of damages allegedly flowing from the owner or occupant’s breach of the duty to warn. See McNulty v. Hurley, Fla. 1957, 97 So.2d 185; Goldberg v. Straus, Fla.1950, 45 So. 2d 883. The plaintiffs must be awarded a new trial.
The judgment for defendants is reversed and this cause remanded for the purpose of awarding plaintiffs a new trial.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.