258 So.2d 811 (1971)
Joseph M. BRITZ and Sylvia Britz, His Wife, Petitioners,
v.
Shelby Jay LeBASE, a Minor, by and through Her Next Friend, Delores LeBase, and Delores LeBase, Individually, Respondents.
No. 40623.
Supreme Court of Florida.
July 8, 1971.
On Rehearing March 21, 1972.
*812 John R. Beranek, of Jones, Paine & Foster, West Palm Beach, for petitioners.
Charles A. Sullivan, Vero Beach, for respondents.
DEKLE, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Fourth District, 240 So.2d 819 (1970), which reversed the trial court's directed verdict for defendants and remanded the cause for trial. Our jurisdiction is based on a conflict between the district court's decision and Goldberg v. Straus, 45 So.2d 883 (Fla. 1950). Fla. Const. art. V, § 4, F.S.A.
The plaintiff minor child suffered the loss of an eye when she ran into a yucca plant (commonly known as a Spanish bayonet plant) while playing hide-and-seek at night with defendants' children in and adjoining defendants' yard. The plant (having sharp points at the end of long stems) was located about 6 to 8 ft. beyond defendants' property line, on an adjacent lot. It grew there during a prior ownership and obscured the prior owner's garbage cans. At the time of the injury it obscured the defendants' garbage cans but the area was not maintained by defendants. There was a stepping-stone walkway from defendants' back door to the garbage can and yucca plant, situated on the adjacent lot.
The minor plaintiff and her father, who was visiting in defendants' home at the time of the accident, were aware of the fact that these plants were in this locale and that they were dangerous. Defendant Mrs. Britz said that she was new to the area and unfamiliar with bayonet plants. The minor plaintiff was attempting to find a hiding place in their game of hide-and-seek and ran in the direction of a dark area to hide and ran into the plant. She was not attracted to the area by anything other than darkness. She was unaware of the garbage can or the walkway. It becomes apparent that this is not, as contended, an attractive nuisance case, for there was absent an "attraction" to bring it within this rule.[1]
The parties agree that the defendants did not warn the minor plaintiff of the existence of the yucca plant. Mrs. Britz testified that she did not know of the danger to warn against. Such knowledge is essential to a cause of action in a social guest.[2] The trial judge directed a verdict in defendants' favor, finding "that there has been no showing of negligence or violation of any duty owed by the defendants to the plaintiffs. * * *" The district court reversed, stating:
"We believe that the issues made by the pleadings and the evidence should have been submitted to the jury with appropriate instructions for their consideration and decision. On the one hand, they might decide that the defendants were not guilty of negligence and that there was no breach of duty owed to the minor plaintiff. On the other hand, they could equally find that the defendants were liable for the minor plaintiff's injuries because they maintained a dangerous condition on premises over which they had control and knowledge plus the realization that it involved an unreasonable risk to this minor plaintiff as she embarked upon the hide and seek game upon the defendant's dark grounds. See Goldberg v. Straus, supra. The jury *813 could have decided that the defendants should have removed the bush, clipped the tips, lighted the area, placed a barrier about it, or issued some more specific warning.
"As concerns the location of the plant, we believe that the jury would have been warranted in finding from the undisputed evidence that the defendants were in possession and control of the area so as to render them responsible for the plaintiffs' claim. [Citations omitted]"
Goldberg v. Straus, supra, was cited by the district court in support of its position. However, the district court misapplied to the facts here the very language which it quoted as authority. In Goldberg, this Court held:
"[T]he host will be held to liability for injuries caused to his guest by a natural or artificial condition on the premises, where the host has actual knowledge of the condition and realizes that it involves an unreasonable risk to his guest and has reason to believe that the guest will not discover the condition or realize the risk, by the exercise of reasonable care, yet despite such circumstances, permits the guest to enter or remain on the premises, without exercising reasonable care to make the condition reasonably safe, or to warn the guest of the condition and the risk involved therein." (Emphasis ours)
Among the various elements detailed in Goldberg, supra, most of which are not in issue here, the following three factors must exist before a defendant can be held liable for injuries to a social guest: (1) the host must have actual knowledge of the dangerous condition ("should have known" will not do here), (2) the host must realize that it involves an unreasonable risk to his guest, (3) the host must have reason to believe that the guest will not discover the condition or realize the risk.
Plaintiffs contend that there is a factual dispute as to whether or not the plant was known to be dangerous by the defendants. We are unable to find any support in the record for such a contention. On the contrary, Mrs. Britz stated repeatedly that she had absolutely no knowledge of the fact that these plants had sharp points on them. She indicated that she had recently moved to Florida, had been in the house for only two months and was previously unaware of any such thing as a Spanish bayonet plant. There is no evidence to the contrary.
It was not enough for the plaintiffs to show that Mrs. Britz should have known of the danger. To avoid a directed verdict, the plaintiffs had to produce some evidence that the defendants had actual knowledge of the condition. Having failed to produce such evidence, and some legal connection with the area involved, plaintiffs cannot now challenge the propriety of the directed verdict.
A constructive "control" over the area, used as a basis for the district court's reversal, will not suffice. In Goldberg, supra, the danger was "on the premises" of the defendant. To establish such a "control" test would amount to revising the rules regarding invitees, licensees and trespassers which rest upon sound and responsible principles.
We are unable to find any authority for the district court's holding that the jury "could" find the defendants liable under these facts on the basis that they maintained a dangerous condition on the premises over which they had control and knowledge plus the realization that it involved an unreasonable risk to this minor plaintiff. We decline to extend a homeowner's liability to injuries caused by unknown dangerous conditions on adjacent property. The attractive nuisance cases cited by the district court do not stand for such a rule, and the voluminous cases involving the duty owed to a licensee all refer to the "property of the defendant," "the host's premises," and other similar language which clearly indicates that the defendant is the owner, legal occupant or *814 has some legal relation to the property in question.
On the dual grounds that (1) the defendants did not have actual knowledge of the danger involved, and (2) the danger did not exist on property owned or legally connected to the defendants, the trial judge was imminently correct in entering a directed verdict in favor of defendants. The district court erred in reversing.
Accordingly, the decision of the district court is quashed, and the cause is remanded with directions to reinstate the judgment of the trial court.
It is so ordered.
ROBERTS, C.J., DREW (Retired) J., and RAWLS, District Court Judge, concur.
ADKINS, J., dissents with Opinion.
ERVIN and CARLTON, JJ., dissent and concur with ADKINS, J.
ADKINS, J. (dissenting).
I dissent, as there is no jurisdictional conflict.
The decision of the District Court of Appeal reveals that, within the limits of its authority, that Court differed with the trial court. Our jurisdiction should not be determined merely on a basis of whether our view on the merits is in accord or in disagreement with the view of the District Court of Appeal. The constitutional standard is whether the decision of the District Court collides with a prior decision of this Court or another District Court on the same point of law so as to create an inconsistency or conflict among the precedents. See Kincaid v. World Insurance Company, 157 So.2d 517 (Fla. 1963).
In the case sub judice, the District Court after examining the testimony, concluded that under the evidence the matter should be submitted to the jury. We should not, and cannot, examine the testimony or evidence, weigh it, and substitute our judgment for the District Court. Our jurisdiction was discussed in Short v. Grossman, 245 So.2d 217 (Fla. 1971), as follows:
"In Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965), we determined that the
`"record proper"  that is, the written record of the proceedings in the court under review except the report of the testimony'

could be examined in order to determine whether the District Court decision conflicted with the principles of law enunciated by another District Court." (Emphasis supplied) (p. 220)
The majority opinion recognizes the existence of a "factual dispute."
The writ of certiorari should be discharged as having been improvidently issued.
ERVIN and CARLTON, JJ., concur.

ON REHEARING
After argument on rehearing, we adhere to the original opinion filed July 8, 1971.
ROBERTS, C.J., DEKLE and DREW, (Retired), JJ., and RAWLS, District Court Judge, concur.
ERVIN, CARLTON and ADKINS, JJ., dissent.
NOTES
[1] Stark v. Holtzclaw, 90 Fla. 207, 105 So. 330 (1925); Concrete Construction, Inc., of Lake Worth v. Petterson, 216 So.2d 221 (Fla. 1968).
[2] Goldberg v. Straus, 45 So.2d 883 (Fla. 1950).