SPECTOR, Judge.
Appellant seeks reversal of a summary judgment entered in favor of the defendant in an action for damages.
Appellant, James Shannon Phillips, was seven years old at the time of the accident *150 and playing in the yard of his grandfather’s home during a family barbecue. After everyone had finished eating, the grandfather, appellee, collected the paper plates and trash and threw it into the barbecue pit. The barbecue pit was made from one-half of an oil drum covered by a grate. The trash did not ignite from the coal fire, so appellee threw a coca-cola can full of gasoline into the fire and it began to blaze. Some fifteen minutes later, after the fire had died down, appellant threw a stick into the barbecue pit and the fire ignited again, causing the appellant to suffer burns on his face and arms which required extensive medical treatment.
Appellant and his father sued appellee alleging that appellee had carelessly and negligently used gasoline in an open fire in the presence of the minor appellant. The trial court entered a summary judgment in favor of appellee, based on the cases of Britz v. LeBase, 258 So.2d 811 (Fla.1971); Cochran v. Obercrombie, 118 So.2d 636; and Gale v. Tuerk, 200 So.2d 261.
Both Cochran, supra, and Gale, supra, reiterated the well established distinction between invitees, licensees and trespassers and both were based upon the fact that the plaintiff was a licensee. A licensee is generally defined as one who enters the property of another for his own convenience, pleasure or benefit and to whom the owner of the property owes only a duty to refrain from wanton negligence or wilful misconduct which would injure the licensee and to refrain from intentionally exposing him to danger. This is as opposed to the duty owed an invitee who enters the property-for purposes connected with the business of the owner and to whom the owner owes a duty to keep his property reasonably safe and protect the visitor from dangers of which he is or should be aware, Post v. Lunney, 261 So.2d 146 (Fla.1972). The court in Gale, supra, states the well settled law to be that when a person is a social guest of another, the relationship created between the parties is that of licensor and licensee.
Although Britz v. LeBase, supra, was also based upon the absence of an attractive nuisance and the fact that the injury occurred off the premises of the defendant, the Supreme Court stated the generally accepted principle that before a licensor (host) can be held liable for injuries to a licensee (social guest), the host must have actual knowledge of the dangerous condition; he must realize that it involves an unreasonable risk to his guest; and he must have reason to believe that the guest will not discover the condition or realize the risk.
It therefore appears that the lower court in the case at hand found based upon the above three cases that appellant was a licensee to whom appellee owed no actionable duty. However, the Florida Supreme Court in the recent case of Wood v. Camp, 284 So.2d 691, Opinion filed October 3, 1973, has abolished the distinction between commercial visitors and social guests upon the premises by expanding the class of invitees to include licensees by invitation and applying to both the single standard of reasonable care under the circumstances. It therefore appears that the appellant, an invited social guest upon the premises of his grandfather, comes within the new classification established in Wood and is entitled to be measured by the standard of reason-ble care created thereby.
It is also the generally accepted rule in Florida that an appellate court will apply the law prevailing at the time of appellate disposition and not according to the law existing at the time of rendition of the judgment appealed. Florida East Coast Railway Co. v. Rouse, 194 So.2d 260 (Fla.1967); and Ingerson v. State Farm Mutual Automobile Ins. Co., 272 So.2d 862 (Fla.App.1973), cert. denied, case No. 43,558, opinion filed November 15, 1973.
We therefore reverse on the basis of Wood v. Camp, supra, and remand for further proceedings not inconsistent herewith.
*151 WIGGINTON, Acting C. J., concurs.
JOHNSON, J., specially concurs.