STEPHENSON, GUNTER, Associate Judge.
The Florida Nursery & Landscape Company, a Florida Corporation, defendant in the trial court, appealed from a judgment entered pursuant to a jury verdict for the plaintiff, Julian Nally, in the amount of $6,000.00.
The appellant does not question the quantitative extent of plaintiff’s loss, but contends that the judgment cannot he sustained because the plaintiff failed to carry the burden of establishing the right of recovery against the defendant. That is, the appellant argues, that the trial court erred in not granting its motion for a directed verdict as the plaintiff failed to prove, with the requisite degree of certainty, that the defendant’s conduct was the proximate cause of plaintiff’s injury. The defendant-appellant says that in order to sustain the verdict, a piling of an inference on an inference on an inference is necessary. This is the theme of his brief and argument and to support his position he cites Voelker v. Combined Ins. Co. of America, Fla.1954, 73 So.2d 403. We find this decision not helpful to appellant as the facts here are clearly distinguishable from the facts in the Voelker case.
The complaint was for damages to certain bromeliads of the plaintiff and was in two (2) counts. One count alleging breach of implied warranty and the other alleging negligence. The implied warranty was that the spray material sold by the defendant to the plaintiff for use on plaintiff’s brome-liads (plants of the pineapple family) was suitable for the purpose and contained no foreign substances likely to injure them. It claimed that the spray materials used contained amounts of foreign substances of arsenic, copper, and lead.
The negligence count charged that the defendant failed to exercise reasonable care in compounding the spray and failed to exercise care in inspecting and cleaning the spray tanks used by the defendant in applying the spray so as to prevent the spray from being contaminated by arsenic, copper, and lead. It charged that the spray material used was contaminated by toxic amounts of arsenic, lead, and copper and that about 15,000 of the plants were injured and damaged and greatly depreciated in value.
The testimony on which the jury may have based the verdict can be summarized thusly:
In June of 1958 the plaintiff and the defendant entered into a contract whereby the defendant sold to the plaintiff a parathion solution to be sprayed by the defendant upon the plaintiff’s bromeliads by means of the defendant’s crew and equipment. The selection, mixing, and application of the spray was under the exclusive direction and control of the defendant. The spraying of plaintiff’s some 200,000 bromeliads was begun in late June of 1958, and about ten (10) days after the application of the spray, approximately 15,000 of the plants, which were the first plants sprayed by one of the spray units, were found to be sick, diseased, and damaged. The same spray truck was used to spray other areas of *702 plants. There was also testimony that the defendant’s spray trucks on the day before the spraying of plaintiff’s plants had been used for spraying moss with “arsenic of lead” for the purpose of killing it. It was also shown that the spray materials are mixed by an agitator so as to be homogenous and that the chemicals remaining in the hose and pumps from previous spraying operations are rather quickly expelled.
The damaged plants prior to said spraying were healthy and had not been fertilized or sprayed within a period of about one year prior to the time in controversy. The plaintiff in December of 1958 employed a biological chemist to analyze the damaged plants and to determine whether there was arsenic, lead, or copper present. This expert determined that toxic amounts of said heavy materials were present in the damaged plants.
From this testimony it appears to us that the jury could have found that the defendant had allowed his spray apparatus to become contaminated with arsenic, copper, and lead or that the defendant had been careless and negligent in washing out the spray trucks, pumps, and hose after the spraying of the arsenic solution used in said trucks on the day before plaintiff’s bromeliads were sprayed. The jury could, therefore, have concluded that this conduct on behalf of defendant-appellant was the proximate cause of plaintiff-appellee’s injury.
Although there was some conflicting testimony as to the nature of damages to plaintiff’s plants and some controversy as to the condition of the plants prior to the spraying, we are of the opinion that there is ample evidence to support the jury’s finding that the defendant’s conduct was the proximate cause of plaintiff’s injury.
The fact that circumstantial evidence is relied upon in a civil action at law does not alter the rule that it is solely within the province of the jury to evaluate or weigh the evidence. In the instant case, the plaintiff’s loss or injury coupled with the surrounding circumstances presented sufficient evidence from which negligence on the part of the defendant could reasonably be inferred. The inference upon inference rule does not apply where the prior or basic inference is established to the exclusion of any other reasonable theory. Belden v. Lynch et al., 126 So.2d 578, an opinion of this court filed January 25, 1961; see also Voelker v. Combined Insurance Company of America, Fla.1954, 73 So.2d 403.
The lower court, in our opinion, did not commit error in failing to direct a verdict for appellant, and we find that the appellee’s evidence is sufficient to sustain the verdict and judgment rendered pursuant thereto for the appellee.
Affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.