144 So.2d 850 (1962)
Martha FRITTS and Her Husband, Harry F. Fritts, Appellants,
v.
Walter L. COLLINS, Appellee.
No. 2650.
District Court of Appeal of Florida. Second District.
August 15, 1962.
Rehearing Denied October 10, 1962.
William M. Hicks and Alan R. Schwartz of Nichols, Gaither, Beckham, Colson & Spence, Miami, for appellants.
Timothy P. Poulton and William A. Foster of Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
SHANNON, Chief Judge.
The appellants, who were plaintiffs in the court below, bring this appeal, urging error of the trial judge below in entering a judgment non obstante veredicto on behalf of defendant when the plaintiffs had secured a verdict from the jury.
The plaintiffs, Martha Fritts and her husband, Harry F. Fritts, checked into a motel in Belle Glade, Florida, which was operated *851 by the appellee, Walter L. Collins. The next morning Mrs. Fritts, fifty-four years old, entered the stall shower in the bath of her motel room. Neither she nor her husband had used this shower before that time. There was no indication of anything wrong with the terrazzo floor of the shower. Mrs. Fritts described it in her testimony as:
"* * * I turned the water on to get it the right temperature before I stepped into the stall. I stepped in. I had only been there a minute and was washing my face with the rag  I had no soap  and I wasn't moving except just the motion of my body in washing my face. I might have moved my foot possibly a little bit but certainly not turning around or anything like that. Both feet slipped out from under me straight like that (indicating)."
The surface of the floor upon which she slipped had become "slick, [and] felt greasy," reminding the witness of a "greasy biscuit pan." The surface of the terrazzo floor was unlike any that the witness had ever encountered before. The defendant's maid had used a commercial disinfectant called Steri-zone on the floor of the shower each time a guest checked out, and thus the product had been employed prior to Mrs. Fritts's occupancy of the room, the day before the accident. The expert testimony showed that untreated terrazzo surface is not slippery in either a dry or a wet condition. The expert showed that the floor in question produced the same results.
Steri-zone is a proper product for use on terrazzo floors when it is completely removed therefrom. When it is not completely removed from the surface, the residual Steri-zone dries and forms an invisible film over the terrazzo and when the floor becomes wet it becomes dangerously slippery. Mrs. Fritts testified that she had not used soap and hence the jury could properly infer that the maid had left Steri-zone on the floor. Motion for directed verdict was made by the defendant at the conclusion of all of the testimony and this motion was reserved by the court. After a verdict for the plaintiffs the court entered a judgment for the defendant on the reserved motion for directed verdict on which he had reserved his ruling. The court below predicated its order on the fact that allowing the judgment to stand under the evidence would constitute an inference upon an inference upon an inference.
While, in Florida there may not be a recovery for a party who, without explanation, slips down on a floor, a jury question is present when the evidence shows there was invisible substance on the floor which caused the party to fall. This is borne out by several decisions, both in Florida and elsewhere.
In First Federal Savings & Loan Ass'n v. Wylie, Fla. 1950, 46 So.2d 396, the Supreme Court affirmed a judgment for the plaintiff who slipped upon a waxed floor in a public hallway of an office building. In that case the charge of negligence against the defendant was that defendant negligently and carelessly maintained the floor whereby the same became unsafe for the accommodation of pedestrian traffic. As to the facts of the injuries in this case, the record shows that the plaintiff,
"* * * [a]s she made her first step from the rubber strip onto the waxed surface of the masonite tiling she slipped and fell and thereby sustained the injuries which were the basis for her suit.
* * * * * *
"* * * [I]mmediately after the accident she examined the flooring where she had fallen and found that although there was no foreign substance there, such as oil or banana peeling, there was a deep skid mark about 12 to 20 inches long in the immediate location where she had slid and there was an accumulation of wax on the bottom of the heel of her shoe."
*852 The appellants have cited us a number of cases of similar import from other jurisdictions, such as S.H. Kress & Company v. Telford, C.A. 5, 1957, 240 F.2d 70. This is one of several cases in which a cleaning liquid was used, which was known as "myco sheen." See also, J.C. Penney Company v. Campbell, Okl. 1958, 325 P.2d 1056 (likewise a "myco sheen" case); Harris v. Montgomery Ward & Co., 1949, 230 N.C. 485, 53 S.E.2d 536 ("myco sheen"); and O'Connor v. J.C. Penney Co., 1942, 211 Minn. 602, 2 N.W.2d 419 ("myco sheen"). In the O'Connor case the plaintiff's statement of facts was:
"* * * [H]er left foot went out from under her and she fell to the floor. She testified that there was dirt and gravel on the floor which stuck to her hands when she got up and that the place where she slipped was shiny and slippery as if somebody had waxed it. She noticed a streak about a foot long where her foot slid. The floor between the counters where she slipped was described by her as having a harder, shinier surface than that in the main aisle, which was worn down.
"Defendant maintained its floors with Myco Sheen, a liquid compound manufactured by the Masury-Young Company. * * *"
Although this is a close question, we must disagree with the trial judge. Certain facts in the case, which we treat as circumstantial evidence, take this case out of the principle upon which the trial court ruled. As was stated by Mr. Justice Thornal, speaking for the court in the case of Nielsen v. City of Sarasota, Fla. 1960, 117 So.2d 731:
"The well-known criminal rule permits proof of guilt by circumstantial evidence provided the circumstantial evidence points to guilt to the exclusion of every reasonable hypothesis of innocence. Subject to the above limitation the rule in civil cases is that a fact may be proved by circumstantial evidence if the inference of the fact preponderates over other inferences. * * *"
While the writer dissented in the case of Belden v. Lynch, Fla.App. 1961, 126 So.2d 578, the correct rule is stated in the majority opinion therein:
"The inference upon inference rule does not apply so as to preclude recovery under the facts presented. This rule is not applicable in all cases and does not apply where the prior or basic inference is established to the exclusion of any other reasonable theory. * * *"
See also, Florida Nursery & Landscape Company v. Nally, Fla.App. 1961, 127 So.2d 700, wherein this court stated:
"The fact that circumstantial evidence is relied upon in a civil action at law does not alter the rule that it is solely within the province of the jury to evaluate or weigh the evidence. In the instant case, the plaintiff's loss or injury coupled with the surrounding circumstances presented sufficient evidence from which negligence on the part of the defendant could reasonably be inferred. The inference upon inference rule does not apply where the prior or basic inference is established to the exclusion of any other reasonable theory. * * *"
We do not think that this case falls into the category of those in which a jury can arrive at a verdict for the plaintiff only by repetitive inferences and hence we must reverse the trial court.
Reversed and remanded for reinstatement of the jury verdict.
ALLEN, J., and LOVE, WILLIAM K., Associate Judge, concur.