SWANN, Judge.
Eugene Freeman, plaintiff below, filed suit against the defendants, Hallevue, Inc., a Florida corporation, and Henry Freeman, for personal injuries resulting from their alleged negligence. The trial court entered a final order of dismissal for failure of the complaint to state a cause of action.
*860 The only question before us on appeal is the sufficiency of the complaint, which essentially alleged that the defendants owned and controlled certain premises and that the plaintiff was on the premises at their invitation; that he went from the pool patio area to his front bedroom through an open sliding glass door separating the patio area from the living room. While he was in the bedroom area an agent or employee of the defendants closed the unmarked sliding clear glass panel, and when the plaintiff returned, he crashed into the panel, causing personal injuries. He alleges that the defendants knew that the closing of the doors, without warning to him, would constitute a hazard or trap and that they were guilty of wanton negligence and wilful misconduct, which were the proximate cause of his injuries and damages.
We quote with approval the language contained in McNulty v. Hurley, Fla.1957, 97 So.2d 185, in which Justice O’Con-nell clearly explained and discussed the law applicable to cases of this nature as follows:
* * * * * *
“As between an owner or occupant of premises and persons who come thereon the law recognizes, in general, three distinct and separate relationships. Persons occupying such relationships are classified as either invitees, licensees, or as trespassers.
“The duty owed by the owner or occupant of premises to each class of persons is also distinct. The duty owed by the owner or occupant to the trespasser is to refrain from committing a wilful or wanton injury against him with the rule being softened after discovery by the landowner of peril to the trespasser. Byers v. Gunn, Fla.1955, 81 So.2d 723.
“The duty owed a licensee is to refrain from wanton negligence or wilful misconduct which would injure him, or to refrain from intentionally exposing him to danger. City of Boca Raton v. Mattef, Fla.1956, 91 So.2d 644. There may be a further duty to the licensee to warn him of a defect or condition known to the owner or occupant to be dangerous when such danger is not open to ordinary observation by the licensee. Goldberg v. Straus, Fla.1950, 45 So.2d 883; 65 C.J.S. Negligence § 35 g; Prosser, Torts, Sec. 77, p. 450; Restatement, Torts, Sec. 342, Comment d.
“A greater duty is owed to. an invitee than to either of the other class-of persons above mentioned. The owner or occupant owes an invitee the duty of keeping the premises in a reasonably safe condition, and, as plaintiff contends, also to guard against subjecting-such person to dangers of which the owner or occupant is cognizant or might reasonably have foreseen. First Federal Sav. & Loan Ass’n of Miami v. Wylie, Fla.1950, 46 So.2d 396 and Messner v. Webb’s City, Inc., Fla.1952, 62 So.2d 66.
“In order to determine the duty which the defendant in this case owed", to the plaintiff we must decide whether the plaintiff was an invitee or licensee, it being clear from the pleadings that she was not a trespasser.
“ ‘ “A licensee is broadly defined' as a person who enters upon the property of another for his own convenience, pleasure, or benefit.” ’ ” Stewart v. Texas Co., Fla.1953, 67 So.2d 653, 654, quoting Am.Jur., Negligence, Sections 104 and 105.
“In City of Boca Raton v. Mattef, supra, 91 So.2d at page 647, we defined an invitee as follows:
“ ‘An invitee is normally considered to be one who enters upon the premises of another for purposes connected with the business of the owner or occupant of the premises.’ ”
******
*861 The duty owed a licensee is to refrain from wanton negligence and wilful misconduct. We do not think that the plaintiff’s allegations of negligence are of the kind and degree which would constitute a violation of the duty owed to him, a licensee.
We therefore affirm the judgment of the lower court.
Affirmed.