WALDEN, Judge.
Elizabeth C. Ladenson, a social guest in defendant’s home, was walking from one room to another when she slipped and fell, breaking her hip. She, joined by her husband, brought suit charging negligence.
The defendants moved for summary judgment. The trial court determined there was no genuine issue as to any material fact and that defendants were entitled to judgment as a matter of law. Rule 1.36(c), 1954 Florida Rules of Civil Procedure, 30 F.S.A. Summary judgment was entered for defendants. Mrs. Ladenson appeals. We affirm.
As a point of beginning, Mrs. Ladenson had the legal status of licensee and the duty owed in such cases was delineated in Goldberg v. Straus, Fla.1950, 45 So.2d 883, 885:
“By the great weight of authority, where one is invited to come upon the premises of another as a guest for social purposes, the relation created between the parties is, in a legal sense one of licensor and lic[e]nsee and not one of invitor and invitee. Harper on Torts, 3rd Ed. Sec. 98. In such circumstances the rule is that the guest must take the premises as he finds them; subject to the exception, however, that the host will be held to liability for injuries caused to his guest by a natural or artificial condition on the premises, where the host has actual knowledge of the condition and realizes that it involves an unreasonable risk to his guest and has reason to believe that the guest will not discover the condition or realize the risk, by the exercise of reasonable care, yet despite such circumstances, permits the guest to enter or remain on the premises, without exercising reasonable care to make the condition reasonably safe, or to warn the guest of the condition and the risk involved therein. * * * ” (Citations omitted.)
See also Lowery v. Rosenberg, Fla.App. 1962, 147 So.2d 321; Tomei v. Center, Fla.App.1959, 116 So.2d 251.
In examining the record we remember the rule by which courts are bound in summary judgment procedure to the effect that the party moved against is entitled to every favorable factual inference reasonably deducible from the record. Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780; Matares e v. Leesburg Elks Club, Fla. App.1965, 171 So.2d 606.
The record essentially reveals that Mrs. Ladenson slipped and fell upon a terrazzo floor in an area previously travelled by her without incident. The floor in question had received an application of a sealer compound some days previously. The floor was slippery. Plaintiffs charge within the context of Goldberg v. Straus, supra, that this slippery floor under these circumstances constituted an exception to the rule that a guest must take the premises as he finds them. They say it was an artificial dangerous condition of which the defendants had actual knowledge, plus the realization that it involved an unreasonable risk to Mrs. Ladenson, and that the defendants had reason to believe that Mrs. Ladenson would not discover this dangerous condition or realize the risk involved by the exercise of reasonable care. They contend that the defendants had a clear duty to warn Mrs. Ladenson of the condition and the risk involved.
It is a matter of common knowledge that terrazzo floors are in popular use in south Florida and that same are treated with sealers and waxes as a matter of maintenance. The properties of such floors are well known.
Indulging every fact and inference favorable to plaintiffs, we simply feel that the proofs presented do not constitute a *837 violation of the legal duty owed to Mrs. Ladenson, a licensee. See Freeman v. Hallevue, Inc., Fla.App.1965, 179 So.2d 859.
Affirmed.
SMITH, C. J., and ANDREWS, J., concur.