195 So.2d 211 (1967)
Elizabeth C. LADENSON, Petitioner,
v.
Karl EDER and Elsa Eder, Respondents.
No. 35567.
Supreme Court of Florida.
February 15, 1967.
*212 Nichols, Gaither, Beckham, Colson, Spence & Hicks, and Robert Orseck, Miami, for petitioner.
Sherouse & Corlett and Sam Daniels, Miami, for respondents.
ERVIN, Justice.
This is a certiorari review of the case of Ladenson v. Eder (Fla.App. 1966), 186 So.2d 835.
Petitioner, Mrs. Elizabeth C. Ladenson, a social guest (a licensee) in the home of Respondents, Mr. and Mrs. Karl Eder, slipped upon a terrazzo floor while walking from one room to another in the home, breaking her hip.
Petitioner joined by her husband, as plaintiffs, brought suit in the Circuit Court, charging negligence. The defendants, the Respondents here, moved for summary judgment. The trial court determined there was no genuine issue as to any material fact and entered judgment for defendants as a matter of law. On appeal the District Court affirmed in said decision reported in 186 So.2d 835.
In affirming, the District Court commented:
"The record essentially reveals that Mrs. Ladenson slipped and fell upon a terrazzo floor in an area previously travelled by her without incident. The floor in question had received an application of a sealer compound some days previously. The floor was slippery. Plaintiffs charge within the context of Goldberg v. Straus, supra, that this slippery floor under these circumstances constituted an exception to the rule that a guest must take the premises as he finds them. They say it was an artificial dangerous condition of which the defendants had actual knowledge, plus the realization that it involved an unreasonable risk to Mrs. Ladenson, and *213 that the defendants had reason to believe that Mrs. Ladenson would not discover this dangerous condition or realize the risk involved by the exercise of reasonable care. They contend that the defendants had a clear duty to warn Mrs. Ladenson of the condition and the risk involved.
"[3] It is a matter of common knowledge that terrazzo floors are in popular use in south Florida and that same are treated with sealers and waxes as a matter of maintenance. The properties of such floors are well known.
"[4] Indulging every fact and inference favorable to plaintiffs, we simply feel that the proofs presented do not constitute a violation of the legal duty owed to Mrs. Ladenson, a licensee. See Freeman v. Hallevue, Inc., Fla.App. 1965, 179 So.2d 859." (at 836-837)
The Petitioner contends this affirmance conflicts with the following cases:
Goldberg v. Straus (Fla.), 45 So.2d 883, and Fritts v. Collins (Fla.App.2nd), 144 So.2d 850.
In Goldberg v. Straus, supra, it is said:
"[1, 2] By the great weight of authority, where one is invited to come upon the premises of another as a guest for social purposes, the relation created between the parties is, in a legal sense, one of licensor and licensee and not one of invitor and invitee. Harper on Torts, 3rd Ed. Sec. 98. In such circumstances the rule is that the guest must take the premises as he finds them; subject to the exception, however, that the host will be held for liability for injuries caused to his guest by a natural or artificial condition on the premises, where the host has actual knowledge of the condition and realizes that it involves an unreasonable risk to his guest and has reason to believe that the guest will not discover the condition or realize the risk, by the exercise of reasonable care, yet despite such circumstances, permits the guest to enter or remain on the premises, without exercising reasonable care to make the condition reasonably safe, or to warn the guest of the condition and the risk involved therein. * * *" (45 So.2d at 885)
We find conflict and quash the judgment of the District Court of Appeal.
A careful analysis of the foregoing quoted portion of the opinion of the District Court reveals there is decisional conflict with Goldberg v. Straus.
From the District Court's opinion it appears the plaintiffs relied on the following affirmative circumstances to bring their case within the exception stated in Goldberg v. Straus: the floor was slippery because it had received an application of sealer compound previously; that this was an artificial dangerous condition of which the defendants had actual knowledge, plus realization that it involved an unreasonable risk to Mrs. Ladenson; and defendants had reason to believe Mrs. Ladenson would not discover the dangerous condition or realize the risk by the exercise of reasonable care. Plaintiffs contend defendants had a clear duty to warn Mrs. Ladenson of the condition and the risk involved.
The District Court affirmed the entry of summary judgment against the plaintiffs because it found no inferences favorable to plaintiffs could be drawn from said circumstances and further because (1) Mrs. Ladenson previously travelled the terrazzo floor without incident or mishap; and (2) it is common knowledge terrazzo floors are in popular use in south Florida and are treated with sealers and waxes as a matter of maintenance and the properties of such floors are well known.
We think that the circumstances both pro and con reflected in the opinion indicated prima facie a jury should have resolved them rather than the court. Furthermore, the fortunate circumstance that Mrs. Ladenson did not fall the first time she *214 crossed the terrazzo floor is not legally conclusive that Mrs. Ladenson should then have discovered the floor's dangerous condition. The fact that it is common knowledge terrazzo floors are in popular use in south Florida and are treated with sealers and waxes as a matter of maintenance and the properties of such floors are well known, does not legally absolve the defendants in this particular case from the duty expressed in the exception in Goldberg v. Straus. These are defensive facts that a jury might consider sufficient to absolve the defendants of liability but considered in connection with the case made by plaintiffs they are not legally conclusive of the issue of liability.
After taking jurisdiction we reviewed the record in order to consider the merits of the case. We find therefrom the conflict of decisions is even more apparent and the need for a jury's determination to resolve disputes in the evidence becomes manifest.
The Respondent Mrs. Eder testified that after the sealer compound was applied the floor was somewhat slippery and that, accordingly, she asked her maid to remove it before the accident. However, the maid denied that Mrs. Eder had ever instructed her to remove the sealer until after the accident. The maid also deposed that the application of the sealer to the floor did not result in a discernible gloss or shine, but it continued to appear dull looking. The individual placing the sealer on the floor testified it could not actually be seen or its presence detected. Mrs. Ladenson testified that she was walking in a slow pace when she fell; that although she was looking at the floor she did not see nor was she aware that it was extremely slippery. Thus there was evidence, particularly from Mrs. Eder, that the Respondents actually knew about the dangerous condition before the accident but did not warn the Petitioner of it; and that the Petitioner could not reasonably have been expected to discover the dangerous condition. We think the exception in Goldberg v. Straus, supra, prima facie appears in the conflicting evidence to the extent a jury verdict is necessary to resolve the factual issues.
We also find that the District Court's opinion is in conflict with the case of Fritts v. Collins, supra, in that the District Court in this case seems to hold terrazzo floors may be slippery hazards, when waxed, of which everyone in south Florida is on notice and must guard himself against, apparently without any duty on the part of owners to warn of their dangerous condition in any situation. In Fritts v. Collins, supra, the District Court of Appeal, Second District, held that treatment of a terrazzo floor with a substance rendering it inordinately slippery constituted negligence and a breach of duty to an invitee. Because Mrs. Ladenson was a licensee in Respondents' home does not create a distinction rendering Fritts v. Collins wholly inapplicable. We think that it stands for the proposition a slippery terrazzo floor may be productive of liability irrespective of whether the party injured is a licensee or invitee depending upon the particular circumstances. Thus a slippery terrazzo floor, similar to other hazards, may create a dangerous condition causing injury to a licensee from which liability may arise under the exception stated in Goldberg v. Straus. We do not believe it is correct to conclude slippery terrazzo floors as such may not constitute dangerous hazards giving rise to liability under any set of circumstances.
The judgment and decision of the District Court of Appeal are quashed and the cause remanded with directions that further proceedings therein be in accordance with our opinion and judgment.
THOMAS and DREW, JJ., and GRAESSLE, Circuit Judge, concur.
THORNAL, C.J., and CALDWELL, J., dissent.