235 So.2d 64 (1970)
Helen M. THEE, Appellant,
v.
MANOR PINES CONVALESCENT CENTER, INC., a Florida Corporation, Appellee.
No. 69-312.
District Court of Appeal of Florida, Fourth District.
May 11, 1970.
*65 Alan R. Schwartz, of Horton & Schwartz, Miami, and DiGiulian & Spellacy, Fort Lauderdale, for appellant.
John S. Neely, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
WALDEN, Judge.
The plaintiff, Helen Thee, appeals from a directed verdict at the close of her evidence in favor of the defendant, Manor Pines Convalescent Center, Inc.
The plaintiff entered the defendant nursing home's premises to visit a friend. While walking down a hallway, she slipped and fell. Several people in nurse's uniforms of varying type helped the plaintiff up and into a wheelchair. Sitting in the wheelchair, the plaintiff noticed a "shiny and brown" substance on the floor which looked "like spilled milk halfway dried up."
At the jury trial, the sole witness on liability in the plaintiff's case-in-chief was Mrs. Thee. She testified to the above events, and in addition she stated that she identified two of the women who helped her into the wheelchair by their uniforms as being a "head nurse" and a "nurse's aide." The plaintiff then profered testimony that, in response to the head nurse's question with reference to the shiny spot on which the plaintiff fell, "How could this happen?", the nurse's aide immediately responded, "Milk got spilled, but we mopped it up." The lower court did not allow the introduction into evidence of the nurses' remarks because it did not feel that the plaintiff had sufficiently established the nurse's aide's identity as an employee of the nursing home nor had she shown that mopping floors was in the scope of her duties.
The court stated that to allow the jury to decide that the woman who made the remark, "Milk got spilled, but we mopped it up," was an employee of the defendant and that she had negligently mopped the floor would be to place "inference upon inference upon inference" and thus improper.
We reverse and remand for a jury trial consistent with this opinion on the issue of the defendant's negligence.
A directed verdict should be granted the defendant only if it can be said that looking at the evidence in the light most favorable to the plaintiff, it is legally insufficient to support a verdict in favor of plaintiff. 32 Fla.Jur., Trial, § 98; Cadore v. Karp, Fla. 1957, 91 So.2d 806.
We feel that the profered testimony of the plaintiff as to the statements of the nurses immediately after the accident should have been admitted into evidence, and that with this testimony there was sufficient evidence of the defendant's negligence to present a jury question.
A statement made by an employee of the defendant in the course of and relating to matters within the penumbra of *66 his duties is a recognized exception to the hearsay rule and is admissible against his employer as an admission against interest. Gordon v. Hotel Seville, Fla.App. 1958, 105 So.2d 175.
The fact that the person making the admission was an employee of the defendant nursing home is prima facie established by the testimony of the plaintiff. See Mercury Cab Owners' Association v. Jones, Fla. 1955, 79 So.2d 782; Bars v. Morrison-Knudsen Company, Fla.App. 1969, 222 So.2d 445. The person making the statement had on a uniform that the plaintiff identified as a nurse's aide's uniform. In response to a question put to her by her superior about the condition of the floor she stated, "Milk got spilled, but we mopped it up."
Testimony of this nature has been universally held to be more than sufficient to establish, at least prima facie, both the fact of employment and its scope. The general rule is stated at 57 C.J.S. Master and Servant § 615d:
"The relation of master and servant is prima facie established where it is shown that the alleged servant was performing labor for defendant at the time of the injury, or that he was in possession of property of the owner and using it in his service at the time of the injury, or, as sometimes said, that he was performing services peculiar to defendant's business or affairs on or about the latter's property."
The defendant contended that the person making the statement might have been a private duty nurse and thus not an employee of the hospital. We feel that in view of the facts of the case the person appeared to be an employee of the nursing home and the defendant had the burden of proving that the person making the statement was a private duty nurse before the court could direct a verdict in favor of the defendant on the basis that the plaintiff had not sufficiently identified the person as an employee of the defendant. The dress, actions, and statements of the person who made the admission indicated that she was an employee of the nursing home. After this prima facie showing the burden of going forward with the evidence shifted to the defendant.
We also note that under some circumstances a private duty nurse has been held to be under the control of the institution where she was on duty, and the institution was held liable for her negligence. North Shore Hospital, Inc. v. Luzi, Fla. App. 1967, 194 So.2d 63.
Generally a fact cannot be established by placing inference upon inference. However, if the first inference is established to the exclusion of any other reasonable inference it can support a further inference. Commercial Credit Corporation v. Varn, Fla.App. 1959, 108 So.2d 638. For the reasons discussed above we believe that the identity of the person making the admission as an employee of the defendant or under his control was established to the exclusion of any other reasonable inference. Therefore, the jury could infer from the statements that the defendant was negligent in not maintaining his floor in a safe condition.
Reversed and remanded.
McCAIN and REED, JJ., concur.