CARROLL, DONALD, Acting Chief Judge.
The plaintiff in a slip-and-fall negligence action has appealed from a summary-final judgment for the defendants entered by the Court of Record for Escambia County.
The basic question presented for our determination in this appeal is whether the said judgment was entered in accordance with our procedural rules governing the entry of summary judgments.
The key provision of these rules is found in Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., and provides that at the hearing on a party’s motion for a summary judgment, the “judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
Some of the salient rules established in Florida as controlling the entry of summary judgments under the above-quoted key provision are as follows:
1.“Such judgments should be sparingly granted * * *. To sum it all up, if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted.” Williams v. City of Lake City, 62 So.2d 732 (Fla.1953). In the later case of Manning v. Clark, 71 So.2d 508 (Fla.1954), the Florida Supreme Court thus explained the meaning of the words “slightest doubt” in its Williams opinion: “ * * * when a judge encounters doubt as to the existence or nonexistence of a genuine issue of fact the doubt should be resolved against the movant.”
2. “ * * * Insofar as factual matters are concerned, doubts and inferences must be resolved against the mover. * * * ” Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla.App.1960).
3. This court held in McKean v. Kloeppel Hotels, Inc., 171 So.2d 552 (Fla.App.1965): “It is well settled in this jurisdiction that the moving party for a summary judgment is held to a strict standard. The pleadings and proofs supporting such motions are strictly construed against the movant, while those opposing the motion are leniently treated in determining whether the movant has satisfied the burden required of him * * *.”
4. “The facts in evidence, and all reasonable inferences arising therefrom, must be indulged in favor of the party against whom a motion for summary judgment is asked. The converse is never true.” Harding v. American Universal Insurance Co., 130 So.2d 86 (Fla.App.1961).
5. In Drahota v. Taylor Construction Co., 89 So.2d 16 (Fla.1956), a negligence case involving a summary judgment for the defendant, the Florida Supreme Court said:
“In City of Williston v. Cribbs, Fla., 82 So.2d 150, we pointed out that the defense of contributory negligence ordinarily presents an issue which should be resolved by the jury. The constitutional right to jury trial demands that particular care be accorded in this field, to the end that controverted issues of fact be resolved not upon pleadings and depositions but by a jury functioning under proper instructions. See Smith v. Poston Bridge & Iron, Inc., Fla., 87 So.2d 581; National Airlines v. Florida Equipment Co., Fla., 71 So.2d 741.”
6. After quoting the second sentence in the last quotation above, the Third District Court of Appeal said in Holmes v. Forty-Five Twenty-Five, Inc., 133 So.2d 651 (Fla.App.1961):
“Negligence cases are extremely troublesome due to the varied fact situations *901 which they present. It has been held that where the case is extremely close on the question of negligence or contributory negligence, ‘doubt * * * should always be resolved in favor of a jury trial.’ Bess v. 17545 Collins Ave., Inc., Fla.1957, 98 So.2d 490,492.”
In the case at bar, applying the foregoing principles to the evidence which was before the court at the hearing on the defendants’ motions for summary judgment, we think that such evidence was sufficient to make the issues questions of fact for submission to a jury for its determination, and hence the court should not have taken the case away from the jury by entering the summary judgment appealed from herein.
The evidence before the court at the said hearing showed that the plaintiff was employed as a nurse at the hospital of the defendant Sacred Heart Hospital, a nonprofit corporation, and, on her day off, she was participating in a cake sale at the hospital by delivering a cake, which she had baked, to the sale held by the Catholic nurses. At about 8:00 a. m. the plaintiff had entered the emergency room door and had walked 40 to 50 feet down the hall. She was wearing a low-heel sandal-type of shoe with about a half-inch heel. She testified that her first notice of anything wrong was when “My feet started slipping.” When she tried to catch herself, she grasped the wall. When she did this, she could not maintain her balance. “It was too slippery.” She had no knowledge of anything wrong with the floor at that time. “Just that it was slippery. I seen nothing but it just felt slippery.” “It would feel as though I had mopped my house and had a lot of wax.”
In an affidavit the plaintiff swore that she was wearing a pair of brown slacks at the time of her fall, when she lost her footing and landed with force upon her right knee, fracturing it; that, following her discharge from the hospital, she took the slacks to a local dry cleaner for the removal of a spot on the right knee of the slacks, which spot was not there before her fall. The slacks had not been used and had been in her possession between the time of the fall and her taking the slacks to the dry cleaner. After the process of dry cleaning the spot remained on the slacks.
In another affidavit a practicing biochemist testified that he made a microscopic examination of the said slacks and that the examination revealed that “the substance of the spot is a micro-crystalline paraffin wax of a type customarily used in commercial floor wax.” He also examined a sample of wax from a container of Bay Ran Imperial “which appears to be the same type of substance.” Another witness testified in a deposition that Imperial Bay Ran is the type of wax that is used to wax the floors in that area of the hospital.
The housekeeping supervisor of the defendant hospital testified in a deposition that the floor in question was waxed between 9:00 and 10:00 p. m. during the night before the plaintiff’s fall and that the buffing was done with a buffing machine at about the same time as the waxing.
At the said hearing the defendants, of course, presented evidence to the contrary effect, but that fact is immaterial under Rule 1.510, Florida Rules of Civil Procedure, because a party moving for a summary judgment may be entitled thereto only when there is no genuine issue as to a material fact and when the party moving is entitled to such a judgment as a matter of law.
In other words, applying the principles outlined above, and construing the above-described evidence strictly in favor of the plaintiff and against the defendants, we think that a jury could have found the de *902 fendant hospital liable in negligence to the plaintiff. The summary judgment appealed from herein, therefore, was improvidently entered.
Another question raised by the plaintiff in this appeal is whether, where a plaintiffs action is based on an alleged improper maintenance of the hospital floor and records are kept relating to prior instances of persons falling in the halls, the plaintiff is entitled to discover the reports of such prior incidents.
A month prior to the entry of the summary judgment appealed from, the plaintiff filed a motion to require the defendant hospital to produce the said records in accordance with Rules 1.350 and 1.280(b), Florida Rules of Civil Procedure, 30 F.S. A. Such discovery rules “are remedial in nature and should be liberally construed.” Ormond Beach First National Bank v. Montgomery Roof Co., 189 So.2d 239 (Fla.App.1966). The said records, we think, would have been relevant and material to the factual questions before the court when it considered and ruled upon the defendants’ motion for summary judgment. Therefore, we hold that the court erred in denying the plaintiff’s said motion to produce. In reversing the summary judgment, we need not pass upon the court’s said ruling, but we do so here in order to assist the court and the parties when this cause is remanded for further proceedings.
For the foregoing reasons the said summary judgment should be and it is reversed, and the cause is remanded with direction for further proceedings in accordance with the views hereinabove expressed.
Reversed and remanded with directions.
SPECTOR and WIGGINTON, JJ., concur.