SCHWARTZ, Chief Judge
(dissenting).
Ms. Ortiz fell at a Winn-Dixie supermarket. Summary judgment for the defendant was entered below and is affirmed here presumably on the ground that the plaintiff did not identify exactly upon what she fell and therefore could not establish the store’s responsibility for whatever that was. She did state, however, that, after the incident,
I heard somebody dragging something and they said, “They ought to move this s — t out of the way.” And the people said, “We was clearing the floor.”
In my view, this statement precludes summary adjudication of the key issues of causation, because the jury could find that the accident resulted from the offal which was being dragged away; and liability, on the ground that only Winn-Dixie would have undertaken the responsibility of removing the offending object from the floor of its own establishment. See Thee v. Manor Pines Convalescent Center, Inc., 235 So.2d 64, 65 (Fla. 4th DCA 1970) (statement of unidentified person in nurse’s uniform at scene of nursing home fall that, “[m]ilk got spilled, but we mopped it up” creates jury issue as to liability and causation). I would therefore reverse.