605 So.2d 527 (1992)
Beverly J. CHANEY and Francis E. Chaney, her husband, Appellants,
v.
WINN DIXIE STORES, INC., a Florida corporation, Appellee.
No. 91-04103.
District Court of Appeal of Florida, Second District.
September 16, 1992.
*528 H. Irene Higginbotham, St. Petersburg, for appellants.
James L. Yacavone, III, Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Clearwater, for appellee.
PARKER, Judge.
Beverly J. Chaney and Francis E. Chaney seek review of a final judgment entered for Winn Dixie Stores, Inc., in this slip and fall case. We reverse for the failure of the trial court to admit into evidence certain statements which Mrs. Chaney alleged that an employee of Winn Dixie made.
Mrs. Chaney sued Winn Dixie for personal injuries that she sustained in a fall at its store, and her husband sued for his resulting loss of consortium. The facts are disputed; however, it is uncontested that Mrs. Chaney was shopping at Winn Dixie with her twenty-six-year-old, severely mentally retarded son and that she slipped on a substance on the floor and fell.
Plaintiffs' theory of the case was that Mrs. Chaney slipped on vomit and that an employee of the store knew that there was vomit on the floor for at least a few minutes before the fall. Both plaintiffs testified at trial that the substance on the floor was vomit. The trial judge, however, precluded the plaintiffs from testifying that an employee told them that she had called a *529 boy a few minutes before the fall to clean up the substance.
Defendant's theory of the case, of which the plaintiffs were aware from discovery, was that the substance on the floor was diarrhea from Mrs. Chaney's son. Wendy Broedel, a part time office clerk at Winn Dixie at the time of the accident, testified at trial that she had been returning products to the shelves and that she had just left the aisle where Mrs. Chaney fell a minute before the fall and had not observed or smelled anything on the floor. She heard Mrs. Chaney scream and immediately returned to the aisle. She saw Mrs. Chaney and a substance on the floor. She observed spots of the substance leading from Mrs. Chaney to her son. She saw the substance on the back of the son's pants leg going down to his shoe. She described it as a "wet stain" on his pants. Broedel instructed a cashier who was at a register, whom Broedel could not identify by name, to get the manager. Broedel testified that no one else was in the aisle when she arrived at the scene and that a cashier did not come to the scene.
The Chaneys seek review of the trial court's rulings which prohibited each of them from testifying about statements that they allege a Winn Dixie employee made to them. Section 90.803(18)(d), Florida Statutes (1991) authorizes an exception to the hearsay rule for "[a] statement that is offered against a party and is ... [a] statement by his agent or servant concerning a matter within the scope of the agency or employment thereof, made during the existence of the relationship." Thus, the following are the requirements for the admissibility of an employee's admission against the interests of his employer: (1) the declarant is the employee of the employer; (2) the matter is within the scope of the employment; and (3) the employee made the statement while employed by that employer. Winn Dixie argues on appeal that the Chaneys proffered insufficient evidence that the declarant was the employee of Winn Dixie.
Mrs. Chaney proffered testimony that a cashier came up to her after her son yelled for help and said, "I just called that boy a few minutes ago to come here and clean this up." She testified that the declarant "had a tag on her like the others"; however, she did not pay attention to the name. Mrs. Chaney further testified that the declarant "was in her checkout lane" when Mrs. Chaney's son yelled for help.
It is not necessary for a party to know the name of the person who allegedly has made a damaging statement against the interests of his employer or principal in order for the statement to be admitted as an admission. Davis v. Mobil Oil Exploration & Producing Southeast, Inc., 864 F.2d 1171 (5th Cir.1989). Instead, a party may offer circumstantial evidence that the declarant is an employee or agent. In the case of Thee v. Manor Pines Convalescent Center, Inc., 235 So.2d 64 (Fla. 4th DCA 1970), the plaintiff proffered testimony that an employee of a nursing home, whom she could not name, made a statement. The Thee plaintiff identified two women by their uniforms as being a head nurse and a nurse's aide at the nursing home. The aide did two acts characteristic of an aide  helping the plaintiff to a wheelchair and mopping up a spill on the floor. Further, the aide responded to a superior's inquiry as one would expect an aide to do. The court held that this testimony was sufficient to establish a prima facie case that the declarant was an employee of the nursing home and that the burden of going forward with the evidence shifted to the defendant.
Likewise, the Davis plaintiff offered testimony regarding unsafe instructions he and his coworkers had received from an unidentified Mobil company man. He testified that the declarant was wearing a Mobil hat, and two coworkers testified unequivocally that the person who issued the order at a safety meeting was a Mobil employee. The court held that this was sufficient evidence to permit the testimony as an admission against Mobil.
We conclude that Mrs. Chaney's proffered testimony taken as true was sufficient to establish a prima facie case that the declarant was a Winn Dixie employee. *530 The trial judge erred in not allowing Mrs. Chaney to testify about the alleged statement and in not shifting the burden to Winn Dixie to go forward with evidence which tended to disprove that the person was an employee or that plaintiff fabricated the story and no such statement was made. The exclusion of Mrs. Chaney's testimony was reversible error because it went to the heart of her proof that Winn Dixie had notice of the hazard and failed to correct the hazard or to warn of its existence.
Mr. Chaney also proffered testimony. He testified that he was sitting in his car in Winn Dixie's parking lot reading the newspaper when a lady came to him and informed him that his wife had fallen. He then testified that the lady said, "[I]t was just four or five minutes before your wife fell in that aisle I went back and told the boy to clean that up." Mr. Chaney, like his wife, did not know the declarant's name. The only circumstantial evidence to support that the declarant was a Winn Dixie employee was Mr. Chaney's statement that she wore a name tag which looked like a Winn Dixie tag. Unlike his wife, Mr. Chaney could not testify as to the declarant's work location at the store. Instead, he testified that she "[t]ook off toward the cash registers." We, therefore, conclude that the plaintiffs did not proffer sufficient evidence to establish that the person who made the statement to Mr. Chaney was an employee of Winn Dixie. We cannot consider Mrs. Chaney's testimony as a supplement to Mr. Chaney's testimony because plaintiffs made no showing that they were testifying about the same declarant. In fact, their testimony would be inconsistent with that assumption. Mrs. Chaney testified that the declarant stayed with her until paramedics came. Mr. Chaney encountered the woman in the parking lot, and then the woman did not return to Mrs. Chaney afterwards. The paramedics arrived after Mr. Chaney was in the store.
Accordingly, we reverse the final judgment and remand the case for a new trial.
SEALS, JAMES H., Associate Judge, concurs.
CAMPBELL, A.C.J., dissents.
CAMPBELL, Acting Chief Judge, dissenting.
I must respectfully dissent.
Mrs. Chaney's proffered testimony concerning the alleged statements of the unidentified alleged employee of appellee Winn Dixie is, in my opinion, the only evidence that could support her claim of negligent knowledge and failure to act on the part of Winn Dixie that would preclude a directed verdict in favor of Winn Dixie. The proffered statement of the alleged "cashier" was clearly excludable as hearsay unless admissible under the exception to hearsay rule established in section 90.803(18)(d), Florida Statutes (1991). The proponent of evidence as an exception to the hearsay rule of exclusion has the burden to demonstrate that the evidence fits the requirements of the exception. Oki America, Inc. v. Microtech International, Inc., 872 F.2d 312 (9th Cir.1989). Appellants, in my opinion, have failed to adequately meet this burden.
Section 90.803(18)(d) has two requirements for admission of hearsay statements of an agent of a party that are relevant to this case. First, it must be established that the statements were made by an agent of the party to be charged with the statements and, second, the statements must be established to have been within the scope of the agency or employment of the person making the statement. Moreover, those requirements, the agency and the scope of the agency or employment, depend on proof independent of the statement itself and like hearsay. Tresvant v. State, 396 So.2d 733, 737 (Fla. 3d DCA 1981), rev. denied, 408 So.2d 1096 (Fla. 1981). Only the vague circumstantial testimony of Mrs. Chaney concerning the dress of the alleged "employee," a name tag that was not seen clearly enough to identify a name or anything else about the tag except that it was a "name tag," and the "employee's" location near a cashier's station would possibly tend to establish the first requirement that *531 the unknown and unidentified "cashier" was an employee of Winn Dixie. There was absolutely no evidence other than the "cashier's" own hearsay statements that could even remotely establish the second requirement that the alleged "cashier's" statements concerned matters within the scope of her employment. Statements of a clearly identified employee or agent of a party need not always be based on personal knowledge in order to be admissible under section 90.803(18)(d). Metropolitan Dade County v. Yearby, 580 So.2d 186, 189 (Fla. 3d DCA 1991), rev. denied, 589 So.2d 291 (Fla. 1991). However, where the identity of the alleged employee is unknown and the scope of authority is unproven, I think the better rule is stated in Keyes v. Tallahassee Memorial Regional Medical Center, 579 So.2d 201 (Fla. 1st DCA 1991), rev. denied, 591 So.2d 184 (Fla. 1991), where the court held:
As to point II, Mrs. Keyes asserts that the trial court erred by not allowing Nurse Barrett to testify concerning statements made to her by an unidentified nurse which indicated that the posey was still on Mrs. Keyes at the time she was found on the floor. While statements made by an employee of a party in the course of their employment are normally admissible pursuant to section 90.803(18)(d), Florida Statutes (1989), the general rule does not have to be applied in cases where there is an insufficient basis to establish whether the statement is made about matters within the personal knowledge of the declarant, or where the statement does not meet other tests of admissibility. In the instant case, there is no evidence that the nurse speaking to Nurse Barrett actually witnessed the matters about which she was speaking. Such statements may, therefore, involve hearsay within hearsay. Absent proof that the underlying statement met a hearsay exception or was based on personal knowledge, it is inadmissible under section 90.805, Florida Statutes (1989).[7]
[7] We are not unmindful of the case of City of Miami v. Fletcher, 167 So.2d 638 (Fla. 3d DCA 1964), but feel that case may be distinguished in that the issue there involved knowledge of the employer and the evidence was offered to show state of mind rather than to prove the fact asserted.
I would affirm the judgment below.