SCHWARTZ, Chief Judge.
After visiting a friend at the Miami Heart Institute, Ms. Troya slipped, fell and was injured as she was leaving the patient’s room. According to the plaintiffs deposition, as soon as she fell, an otherwise unidentified hospital employee exclaimed that there had been “too much wax” on the floor. On the ground that this statement was alone sufficient to create an issue as to the defendant’s liability for the fall, we reverse a summary judgment entered below for the hospital.
The decided cases clearly establish that the statement about the excess wax[1] was admissible as a party admission under section 90.803(18)(d), Florida Statutes (2000). See Chaney v. Winn Dixie Stores, Inc., 605 So.2d 527, 529 (Fla. 2d DCA 1992)(statement of apparent but unidentified store employee that “[she] called that boy a few minutes ago to come here and clean this up” admissible against employer to establish actual or constructive notice of dangerous condition); Thee v. Manor Pines Convalescent Center, Inc., 235 So.2d 64, 65 (Fla. 4th DCA 1970)(statement of unidentified person dressed as nursing home employee that accident happened because “milk got spilled, but we mopped it up” admissible against employer to establish actual or constructive notice of dan *230 gerous condition); Shuck v. Texaco Refining & Marketing, Inc., 178 Ariz. 295, 872 P.2d 1247 (1994); cf. Ortiz v. Winn Dixie Stores, Inc., 511 So.2d 765, 765 (Fla. 3d DCA 1987)(Schwartz, C.J., dissenting).
It is clear also that it was sufficient to provide a competent evidentiary basis for the conclusion that the defendant, the only entity which would have put the wax there, was negligent in doing so excessively. See Ladenson v. Eder, 195 So.2d 211 (Fla.1967); Chaney; Torrence v. Sacred Heart Hospital, 251 So.2d 899 (Fla. 1st DCA 1971); Thee; see also First Fed. Sav. & Loan Ass’n v. Wylie, 46 So.2d 396 (Fla.1950); Fritts v. Collins, 144 So.2d 850 (Fla. 2d DCA 1962). This evidence therefore requires the reversal of the summary judgment granted below and a remand for trial. See Chaney; Thee.
Reversed and remanded.
SCHWARTZ, C.J., and SHEVIN, J., concur.

. In another version of the employee’s statement, Ms. Troya testified that she had said simply that the floor was "waxy.” A good deal of the appellee’s argument is based on the contention that evidence only that an offending floor was "slippery” or "waxy” is insufficient to raise a liability issue. We disagree for two reasons.
First, because the record must be viewed in the light most favorable to the appellant, the "too much wax” version must be accepted as gospel on this appeal. Even were this not so, however, the Florida law clearly indicates that testimony that a floor upon which a fall occurred was "slippery” — and thus "waxy”— is enough. In Torrence v. Sacred Heart Hospital, 251 So.2d 899, 901 (Fla. 1st DCA 1971), the court held:
[The plaintiff’s] first notice of anything wrong was when "My feet started slipping.” When she tried to catch herself, she grasped the wall. When she did this, she could not maintain her balance. "It was too slippery.” She had no knowledge of anything wrong with the floor at that time. “Just that it was slippery. I seen nothing but it just felt slippery." "It would feel as thpugh I had mopped my house and had a lot of wax.” [emphasis supplied]
See First Fed. Sav. & Loan Ass’n v. Wylie, 46 So.2d 396 (Fla.1950); Fritts v. Collins, 144 So.2d 850 (Fla. 2d DCA 1962). The question need not be reached here because the floor was more than just "waxy”: too much wax had been applied.