856 So.2d 1083 (2003)
Kay Ann KITCHEN, Appellant,
v.
EBONITE RECREATION CENTERS, INC., Appellee.
No. 5D02-2840.
District Court of Appeal of Florida, Fifth District.
October 17, 2003.
*1084 C. Valentine Bates of Bates & Brown, P.A., Gainesville, for Appellant.
Robert B. Buchanan and M. Suzanne Green of Siboni, Hamer & Buchanan, P.A., Ocala, for Appellee.
PALMER, J.
Kay Ann Kitchen appeals the final order entered by the trial court granting Ebonite Recreation Centers' motion for summary judgment and dismissing her personal injury lawsuit. Concluding that genuine issues of material facts are in dispute, we reverse.
Kitchen filed suit against Ebonite asserting a claim of premises liability and seeking damages for injuries which she sustained when she slipped and fell while at its bowling alley. The complaint alleged that Ebonite had negligently maintained the lanes on which Kitchen was bowling by allowing the floor behind the bowling line to be waxed causing Kitchen to slip and fall. Ebonite filed two motions for summary judgment which were denied by the trial court. However, the trial court granted Ebonite's third motion for summary judgment which alleged that the area where Kitchen fell was free of any hazardous or dangerous conditions, that there was no record evidence demonstrating that Ebonite negligently maintained the bowling lanes, and that there was no record evidence that the negligent condition was well-known to Ebonite or that Ebonite should have known of it.
A trial court can grant a motion for summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file together with *1085 the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c); see Fisel v. Wynns, 667 So.2d 761, 764 (Fla.1996). A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the non-moving party. See Bruckner v. City of Dania Beach, 823 So.2d 167, 170 (Fla. 4th DCA 2002). If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it. Id. When reviewing the entry of summary judgment, "an appellate court must examine the record and any supporting affidavits in the light most favorable to the non-moving party." Turner v. PCR, Inc., 754 So.2d 683, 684 (Fla.2000).
In her deposition, Kitchen testified that on the day of the accident, after about 30-45 minutes at the bowling alley, she attempted to help a student learn how to throw the ball correctly by showing her to take a few steps and then let the ball go, "and that's when I slipped, and I was not across the line." She stated that she had "never been on a bowling floor that was slick like that, greasy like." Kitchen stated that there wasn't any question that "there was something on the floor." When asked if she saw any substance on the floor before she slipped, Kitchen stated: "It was real shiny, but I couldn'tvery shiny.... It looked like grease to me, and that's all I can tell you. And it wasn't just in my lane, it was in a lot of lanes."
The instant summary judgment is reversed because Kitchen's deposition testimony was sufficient to create a genuine issue of material fact as to Ebonite's liability. See Troya v. Miami Beach Health Care Group, Inc., 780 So.2d 228 (Fla. 3d DCA 2001).
REVERSED and REMANDED.
SAWAYA, C.J., and TORPY, J., concur.