DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELIZABETH SENTZ,**
Appellant,

v.

**BONEFISH GRILL, LLC,**
Appellee.

No. 4D2022-2899

[November 15, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet C. Croom, Judge; L.T. Case No. 312021CA000528.

Carlos D. Cabrera of Florida Advocates, Dania Beach, for appellant.

Steven R. Main of Hill, Rugh, Keller & Main, P.L., Orlando, for appellee.

GROSS, J.

Elizabeth Sentz appeals a final summary judgment in favor of Bonefish Grill, LLC ("BFG") in a premises liability action arising from a slip-and-fall incident at a BFG restaurant.

We affirm and write to address one issue—whether an oral statement made to Sentz by an anonymous BFG employee is direct evidence of BFG's knowledge of the substance on the floor of the restaurant sufficient to create a factual issue that avoids summary judgment. We hold that the trial court did not err in disregarding the purported statement, as there was insufficient circumstantial evidence to admit the statement as an exception to the rule against hearsay.

We view the summary judgment evidence in the light most favorable to Sentz, the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Sentz went to a BFG restaurant with four friends for brunch. They sat at a table near the bar area. During the couple of hours which the group spent at the restaurant, Sentz had something to eat and drink.

Near the end of her visit, Sentz went to "the ladies room and [she] slipped and fell in a liquid, water," about 8 to 12 feet from the bathroom door. The flooring was tile, with the look of hardwood. She described the area where she fell as a dining area separated by a wall from where she was seated with her friends.

Prior to her fall, Sentz did not see the liquid. She did not know how that liquid got onto the floor, and how long the liquid had been on the floor before her fall. The puddle of liquid had a diameter of about 12 to 18 inches. She saw pieces of melted ice in the puddle.

Before Sentz returned to her table, a server came around the corner. Sentz told the server that there was a water spill and that she had fallen. The server replied, "I know, I was aware of that, I meant to come back and clean it up." Sentz did not get the server's name. She described her as a white female in her early 20s with possibly dark or brownish hair in a ponytail, of similar height to herself, with medium build and no glasses. Aside from this communication, Sentz did not speak with this server at any other time.

On the issue of notice, BFG's motion for summary judgment claimed that despite intensive canvassing of its employees, it uncovered no evidence of actual or constructive notice and no incident report of any fall on the date Sentz said she fell.

In response to BFG's motion, Sentz argued sufficient record evidence showed that BFG was aware of the dangerous condition, as the female server told Sentz that she was already aware of the presence of liquid and had meant to return to clean it prior to Sentz's fall. Sentz contended that the server's statement constituted a party admission exception to the rule against hearsay. She relied upon *Chaney v. Winn Dixie Stores*, 605 So. 2d 527, 529 (Fla. 2d DCA 1992), for the proposition that it was not necessary for her to name the female employee to admit the statement as a hearsay exception.

The trial court granted BFG's motion for final summary judgment. As to the issue of BFG's actual knowledge of the spill, the court ruled that, other than Sentz's word, there was no evidence that (1) the interaction with the server had actually occurred, (2) the server was in fact a BFG employee,

2

and (3) the server was referring to the same area of the floor where Sentz had fallen.

The standard of review for orders granting summary judgment is de novo. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

In a summary judgment, a party may object that "material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fla. R. Civ. P. 1.510(c)(2). Inadmissible hearsay may not be used to defeat a motion for summary judgment when the hearsay "will not be available in admissible form at trial." *McMillian v. Johnson*, 88 F. 3d 1573, 1584 (11th Cir. 1996), *aff'd sub nom McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781 (1997).

Slip and fall in business premises cases are governed by section 768.0755, Florida Statutes (2020). *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 424 (Fla. 4th DCA 2014). That statute provides, in pertinent part:

> If a person slips and falls on a transitory foreign substance in a business establishment, **the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.**

§ 768.0755(1), Fla. Stat. (2020) (emphasis provided).

The only evidence of BFG's *actual* knowledge of the spill came from Sentz recounting what the server had told her. The server's statement to Sentz is hearsay, as it is an out of court statement "offered in evidence to prove the truth of the matter asserted"—that BFG had actual notice of the spill. § 90.801(1)(c), Fla. Stat. (2020).

However, the server's statement would be admissible as an exception to the hearsay rule if it qualifies as an admission under section 90.803(18), Florida Statutes (2020). In this case, the server's statement would constitute an admission if it is "[a] statement by [BFG's] agent or servant concerning a matter within the scope of the agency or employment thereof, made during the existence of the relationship." § 90.803(18)(d), Fla. Stat. (2020). As the Second District has recognized, the party seeking to admit evidence under this hearsay exception must make a three-part preliminary showing for an employee's admission to be admitted against the employer:

(1) the declarant is the employee of the employer; (2) the matter is within the scope of the employment; and (3) the employee made the statement while employed by that employer.

*Chaney*, 605 So. 2d at 529.

The sufficiency of a showing to admit evidence under a hearsay exception is a preliminary fact question concerning "the admissibility of evidence" under section 90.105(1), Florida Statutes (2020). The party seeking to admit the evidence must prove the facts required by the admission exception by a preponderance of the evidence. *See Romani v. State*, 542 So. 2d 984, 985, n.3 (Fla. 1989); *Tucker v. State*, 884 So. 2d 168, 173 (Fla. 2d DCA 2004).

It is "not necessary for a party to know the name of the person who allegedly has made a damaging statement [against his or her employer] in order for the statement to be admitted as an admission." *Benjamin v. Tandem Healthcare, Inc.*, 93 So. 3d 1076, 1085 (Fla. 4th DCA 2012) (quoting *Chaney*, 605 So. 2d at 529). Instead, the party seeking admission of the employee's statement "may offer circumstantial evidence that the declarant is an employee or agent." *Chaney*, 605 So. 2d at 529.

Two Florida cases have examined the quantum of circumstantial evidence necessary to make a preliminary showing that an anonymous employee's statement should be admitted against an employer.

In *Thee v. Manor Pines Convalescent Center, Inc.*, 235 So. 2d 64, 65 (Fla. 4th DCA 1970), a plaintiff sought to admit testimony regarding a statement which she had ascribed to a nurse's aide answering to a head nurse's inquiry about a shiny spot left after spilled milk had been mopped up before her fall. After the fall, the nurse's aide helped the plaintiff up and into a wheelchair. *Id.* The plaintiff described the uniforms worn by the nurse's aide and the head nurse. *Id.* We held that the plaintiff had made a sufficient showing to admit the testimony of the nurse's aide against the defendant employer; we wrote that the "dress, actions, and statements of the person who made the admission indicated that she was an employee" of the defendant nursing home. *Id.* at 66.

*Chaney* evaluated the admissibility of two employee statements against the defendant in a case where a woman slipped and fell in a grocery store, prompting her and her husband to sue. 605 So. 2d at 528–30.

4

First, the wife testified that, after she fell, a cashier came up to her and said, "I just called that boy a few minutes ago to come here and clean this up." *Id.* at 529. The wife described the cashier's grocery store name tag and said that just prior to approaching her, the cashier "was in her checkout lane." *Id.* Citing to *Thee* and a federal case,[1] the Second District held that the plaintiffs had made a sufficient evidentiary showing to admit the cashier's statement in evidence. *Id.*

The second statement at issue in *Chaney* was heard by the husband. *Id.* at 530. The husband was sitting in his car in the Winn Dixie parking lot when "a lady came to him and informed him that his wife had fallen." *Id.* The lady said that "four or five minutes before your wife fell in that aisle I went back and told the boy to clean that up." *Id.* The "only circumstantial evidence to support that the declarant was a Winn Dixie employee" was the husband's statement that she "wore a name tag which looked like a Winn Dixie tag." *Id.*

The Second District held that it was not error to exclude the husband's testimony about the second statement, reasoning that the plaintiffs "did not proffer sufficient evidence to establish that the person who made the statement" to the husband was a Winn Dixie employee. *Id.*

Here, Sentz did not know the name of the server who allegedly made the statement. She described the server as a white female in her early 20s, with possibly dark or brownish hair in a ponytail, of similar height to herself, with medium build and no glasses. Sentz did not attest to any characteristics such as a uniform or name tag, or what items, if any, the server was carrying to support her assertion that the anonymous declarant was in fact a server of BFG. The quantum of circumstantial evidence of the server's identity as a BFG employee fell below that of *Thee* and the wife's statement in *Chaney*. In fact, the level of circumstantial evidence about the anonymous server fell below even that which the Second District found lacking in *Chaney*, where the husband there had testified that the anonymous declarant wore a name tag resembling a Winn Dixie tag.

The trial court did not err in disregarding the server's purported statement to Sentz as inadmissible hearsay which could not be used to defeat the motion for summary judgment based on BFG's lack of actual knowledge of the transitory foreign substance.

---

[1] *Davis v. Mobil Oil Expl. & Producing Se., Inc.*, 864 F. 2d 1171, 1174 (5th Cir. 1989) (admitting a declarant's statement against defendant where declarant was wearing a Mobil hard hat, and two coworkers testified unequivocally that the person who issued the order at a safety meeting was a Mobil employee).

*Affirmed.*

WARNER and DAMOORGIAN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***